

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| JAMIE STIERWALT AND ARNOLD LEE STIERWALT, JR. | § | No. 08-14-00107-CV |
| Appellants, | § | Appeal from the |
| v. | § | 153rd District Court |
| FFE TRANSPORTATION SERVICES, INC., CONWELL CORPORATION, FROZEN FOOD EXPRESS INDUSTRIES, INC., AND JEFFREY PRESTON LEAR, | § § § | of Tarrant County, Texas (TC# 153-257322-12) |
| Appellees. | § | |

## **O P I N I O N**

Following a traffic accident, Plaintiffs Jamie and Arnold Stierwalt sued the driver of a semi-truck (Jeffrey Lear) along with the owners and operators of the truck (FFE Transportation Services Inc., Conwell Corporation, and Frozen Food Express Industries, Inc). The trial court granted summary judgment to all the Defendants. On appeal, Plaintiffs contend the trial court abused its discretion in refusing to continue the summary judgment hearing so they could obtain additional evidence. Plaintiffs also contend the trial court erred in granting the Defendants' summary judgment motion. We affirm.[1]

---

[1] This appeal was transferred from the Fort Worth Court of Appeals pursuant to a docket equalization order. We apply the precedent of that Court to the extent required by TEX. R. APP. P. 41.3.

## BACKGROUND

In January 2010, Jamie Stierwalt was driving on Interstate 20 in Tarrant County when her vehicle was struck from behind by a vehicle being driven by Ngoc Pham. According to witnesses, Pham was driving approximately 100 miles per hour prior to the collision. The impact caused Jamie's vehicle to spin out of control toward the outside shoulder of the roadway. After skidding over 300 feet, Jamie's vehicle struck the tractor trailer of a semi-truck, which was parked on the shoulder of the roadway. Lear had been driving the semi-truck, but only moments before the accident occurred, he had parked the truck on the west-bound shoulder of the highway to consult a map. Jamie's vehicle was totaled in the accident, and Jamie was transported to the hospital where she spent four days.

Plaintiffs alleged that Lear had negligently parked the truck on the shoulder of the roadway and that the Corporate Defendants (FFE, Conwell, and Frozen Food Express) were vicariously liable because Lear had done so in the scope of his employment.[2] Plaintiffs also raised a negligence per se claim, asserting Lear had parked the truck in violation of Section 545.302(a)(9) of the Texas Transportation Code, which provides that: "An operator may not stop, stand, or park a vehicle . . . where an official sign prohibits stopping." TEX. TRANSP. CODE ANN. § 545.302(a)(9) (West 2011). Plaintiffs claimed that Jamie would have been "knocked harmlessly off of the roadway into a field" after her collision with Pham, if Lear had not been illegally parked on the shoulder of the roadway.

---

[2] In addition to asserting vicarious liability, Plaintiffs also alleged FFE, Conwell, and Frozen Food Express had failed to properly train Lear and had negligently entrusted the semi-truck to him.

In June 2013, FFE, Conwell, and Frozen Food Express filed a motion for summary judgment. In support of their motion, they relied on a "crash report" by the investigating police officer that indicated Pham had been traveling at an excessive rate of speed when she attempted an unsafe lane change and that Pham had been cited for failing to control her speed. There was no indication Lear had been cited for illegal parking. The Corporate Defendants also relied on the investigating officer's deposition, in which he concluded the accident was the sole fault of the other driver, Pham. The Corporate Defendants also relied on Jamie's deposition in which she expressed her belief that Pham was responsible for causing the accident, and that the accident would have occurred regardless of whether Lear's truck had been parked on the shoulder of the highway.

In their response to the motion for summary judgment, Plaintiffs focused almost exclusively on their claim that Defendants were liable under their negligence per se theory that Lear had violated the Transportation Code by stopping on the shoulder of the highway. Plaintiffs requested additional time to respond to the summary judgment motion in order to take Lear's deposition. They claimed they had not had the opportunity to take Lear's deposition and that they intended to promptly notice Lear's deposition and to "provide evidence of same [to the court] shortly thereafter." The Corporate Defendants opposed this request, pointing out that Plaintiffs' petition had been on file for over 1-1/2 years, and that discovery had already closed in early June 2013, after previously being extended by agreement of the parties, and that Plaintiffs' attorney, Christopher Payne, had taken no action to try to schedule Lear's deposition until two weeks after the close of the second discovery deadline.

On July 25, 2013, the trial court granted summary judgment in part, dismissing all of Plaintiffs' claims, with the exception of their negligence per se claim. Plaintiffs subsequently failed to notice Lear for deposition. Instead, the Corporate Defendants noticed Lear's deposition, and his deposition was taken on October 11, 2013 in Macon, Georgia, with Plaintiffs' counsel, Christopher Payne, attending by phone. Shortly thereafter, the trial court continued the upcoming November 2013 trial setting, and entered an amended scheduling order setting a new trial date for March 2014, a dispositive motion deadline of December 2, 2013, and a discovery deadline of December 15, 2013.

On November 14, 2013, two weeks before the new deadline for filing dispositive motions, the Corporate Defendants filed a motion for summary judgment, both based on traditional and no-evidence grounds, seeking dismissal of the remaining negligence per se claim. Defendants pointed out that although the discovery deadline for discovery had been extended by agreement of the parties twice, and although "adequate time for discovery had passed," Plaintiffs had still not come forward with any evidence that Lear had violated any laws or regulations when he parked his truck on the shoulder of the roadway, and that the summary judgment evidence actually pointed to a contrary conclusion. In support of their motions, the Defendants relied on the same exhibits previously attached to the first motion for summary judgment, *i.e.,* the "Crash Report" and the excerpts from the depositions of the investigating officer and Jamie Stierwalt. Defendants also attached an excerpt from Lear's deposition in which Lear stated that he did not recall seeing any no-parking signs in the area where he had parked before the accident occurred and that he was not cited for any parking violations. In his testimony, Lear further recalled that the investigating

4

officer had informed him that the accident was not his fault and that he had not done anything wrong.

The summary judgment hearing was set for December 20, 2013, thereby requiring Plaintiffs to file a response to the summary judgment motions no later than Friday, December 13, 2013, seven days before the hearing. *See* TEX. R. CIV. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."). Plaintiffs failed to file a timely response. Instead, on Monday, December 16, 2013, Plaintiffs filed a verified "Motion for Continuance of Summary Judgment Hearing, Objection, and Preliminary Response." Plaintiffs sought a continuance on the ground they needed Lear's deposition testimony in order to "respond to the motion for summary judgment[.]"

In support of the motion, Appellants attached the affidavit of their attorney, Christopher Payne, which Payne had executed on Friday, December 13, 2013. In his affidavit, Payne stated that he had participated in Lear's deposition, and recalled hearing Lear testify to the following two statements:

- Lear stated that he was aware "of signage on Interstate 20 that stopping on the shoulder was forbidden except in an emergency."

- Lear admitted that "there was no emergency" when he stopped on the shoulder of Interstate 20 prior to the accident.

Payne further averred that he had made a request to the Defendants' attorney "to inspect and copy" Lear's deposition pursuant to TEX. R. CIV. P. 203.3(c), on an unspecified date, but that "thus far the defense counsel has not made the deposition of defendant Lear available to inspect and copy." In reply, Defendants pointed out Plaintiffs had filed their motion for continuance two days *after* the

discovery period had ended. Defendants also argued that Payne's request to inspect and copy the Lear deposition was not made in a reasonable manner as required by Rule 203.3, claiming that Payne made his request on December 13, 2013, the same day Plaintiffs' response to the summary judgment motion was due, and that Defendants' counsel, Peyton Inge, was out of the office that day and did not receive any call or message from Payne seeking to inspect or copy the deposition. The Defendants did not provide an affidavit to support these factual assertions of how and when Payne's request had been made.

Defendants also argued that Payne had ample time to obtain the deposition transcript before Plaintiffs' summary judgment response was due, pointing out that Lear's deposition was taken on October 11, 2013, and that Payne could have obtained the transcript any time after that from either the court reporter or from Defendants' counsel, noting that Payne expressly declined to order the transcript at the close of Lear's deposition. In this regard, Defendants attached the last page of Lear's deposition transcript in which the court reporter asked the parties if they wished to purchase a copy of the transcript. Plaintiffs' attorney Payne responded that he had not yet decided whether to order a copy and advised the court reporter that he would be "in touch" with her. Defendants pointed out that there was nothing in the record to explain why Payne waited until two months later, on the very day that his summary judgment response was due, to make his request to inspect and copy the deposition transcript.

The trial court held the summary judgment hearing on December 20, 2013, as scheduled. Defendants' counsel, Peyton Inge, was present at the hearing, but Plaintiffs' counsel failed to attend. At the hearing, the trial court expressly found that Plaintiffs had received proper and timely notice of the hearing, adding that the court coordinator had contacted Plaintiffs' counsel to

6

remind him of the hearing the day before, and that the court had further attempted to contact counsel "just now," and had left a voicemail on counsel's answering machine. At the hearing, Inge again made statements to the effect that Payne had "waited until the day the [summary judgment] response was due to request a copy of the transcript" from his office, despite the fact that Payne had ample opportunity to obtain the transcript from either his office or the court reporter since October 2013. The trial court denied Plaintiffs' motion for continuance on the record, noting that their counsel had the opportunity to obtain Lear's deposition testimony prior to the hearing but had failed to do so. That same day, the trial court entered a written order denying the motion for continuance, and granting summary judgment for all Defendants and dismissing all of Plaintiffs' claims with prejudice.

Plaintiffs thereafter filed a motion for new trial, renewing their allegation that they had made a reasonable request under Rule 203.3(c) to obtain and inspect the Lear deposition, but that Defendants' attorney violated the Rule by refusing his request. Plaintiffs once again relied solely on Payne's affidavit in support of their claim, and did not provide any additional evidence regarding when or how that request was made. Defendants opposed the motion for new trial, once again asserting that Payne's request was not reasonable because it was not made until December 13, 2013, the day Appellants' summary judgment response was due. Defendants once again did not provide an affidavit from their attorney to support their factual assertions regarding how and when the request was made. The trial court denied Appellants' motion for new trial by written order on March 6, 2014, and this appeal followed.

## DISCUSSION

### Motion for Continuance

7

Plaintiffs moved for a continuance of the summary judgment hearing based on their alleged need to obtain the Lear deposition transcript, claiming that Payne heard Lear testify at the deposition that he was aware "of signage on Interstate 20 that stopping on the shoulder was forbidden except in an emergency[,]" and that Lear admitted he did not stop for an emergency. Plaintiffs contend this missing evidence was critical to their case, arguing it would have created a fact issue whether Defendants could be found liable on a negligence per se theory that Lear violated Section 545.302(a)(9) of the Texas Transportation Code, by parking his vehicle on the shoulder of the roadway where an official sign prohibits non-emergency stopping.[3] We conclude the trial court did not abuse its discretion in denying the motion for continuance.

### *Standard of Review*

We review a trial court's ruling on a motion for continuance of a summary judgment hearing for an abuse of discretion. *See D.R. Horton–Tex., Ltd. v. Savannah Props. Assocs.,* 416 S.W.3d 217, 222 (Tex.App. – Fort Worth 2013, no pet.) (citing *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002)); *see also Gen. Motors v. Gayle,* 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding). We do not substitute our judgment for that of the trial court. *See In re Nitla S.A. de C.V.,* 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding). Instead, we determine whether the trial court's action "was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *See D.R. Horton-Texas, Ltd.,* 416 S.W.3d at 222 (citing *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 161 (Tex. 2004)). The test is whether the trial

---

[3] Plaintiffs frame the issue on appeal as whether a "party [can] prevail on a summary judgment by refusing to produce a deposition that negates their motion." The question whether Defendants refused to produce the Lear deposition, however, is just one factor among many that we must analyze in determining whether the trial court abused its discretion in denying the motion for continuance. *See, e.g., Tempay, Inc. v. TNT Concrete & Constr*., 37 S.W.3d 517, 522-23 (Tex.App. – Austin 2001, pet. denied) (fact that a defendant had "successfully resisted" the plaintiff's timely efforts to take a deposition was one factor among many that the court considered in determining whether plaintiff had been given an adequate opportunity to conduct discovery before the defendant filed its no-evidence motion for summary judgment).

8

court acted without reference to guiding rules or principles. *Id.* (citing *Cire v. Cummings,* 134 S.W.3d 835, 838–39 (Tex. 2004)); *see also See BMC Software,* 83 S.W.3d at 800 (the denial of a motion for continuance will only be reversed if the denial was arbitrary, unreasonable, or without reference to any guiding rules and principles). Absent a showing that the trial court acted arbitrarily and unreasonably, we will not disturb its decision on appeal. *Medford v. Medford,* 68 S.W.3d 242, 247-48 (Tex.App. – Fort Worth 2002, no pet.); *see also Karen Corp. v. The Burlington N. & Santa Fe Ry. Co.,* 107 S.W.3d 118, 124 (Tex.App. – Fort Worth 2003, pet. denied).

### *Applicable Law*

Rule 166a(g) permits a trial court to grant a continuance to the party opposing a motion for summary judgment if that party files an affidavit setting forth the reasons the party cannot present the facts necessary to respond to the summary judgment motion. TEX. R. CIV. P. 166a(g) ("Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."); *see also D.R. Horton-Texas, Ltd.,* 416 S.W.3d at 222; *Two Thirty Nine Joint Venture*, 145 S.W.3d at 161. An affidavit seeking a continuance to obtain additional evidence must describe the evidence sought, explain its materiality, and demonstrate that the party requesting the continuance has used due diligence to timely obtain the evidence. *D.R. Horton-Texas, Ltd.,* 416 S.W.3d at 222-23.

In deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery or to obtain additional evidence, a court should

9

consider the following "nonexclusive" factors: (1) the length of time the case has been on file; (2) the materiality and purpose of the discovery sought; and (3) whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Two Thirty Nine Joint Venture,* 145 S.W.3d at 161; *see also D.R. Horton-Texas, Ltd.,* 416 S.W.3d at 223. The court may also consider whether the party seeking the continuance has given an explanation for its failure to obtain the testimony and whether "the testimony cannot be procured from another source." *See Tri-Steel Structures, Inc. v. Baptist Found. of Texas,* 166 S.W.3d 443, 448 (Tex.App. – Fort Worth 2005, pet. denied). In general, a litigant is not entitled to a continuance if he or she fails to diligently use the rules of civil procedure for discovery purposes prior to filing a motion for continuance. *D.R. Horton-Texas, Ltd.,* 416 S.W.3d at 223 (citing *State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863, 865 (Tex. 1988)).

### *Analysis*

### *Length of Time the Case was on File*

Plaintiffs filed their lawsuit in January 2012. Even before filing their lawsuit, Plaintiffs were obligated to ensure that the factual allegations contained in their petition had evidentiary support or were likely to receive such support after a reasonable opportunity for discovery has passed. *See generally Nath v. Texas Children's Hosp.,* 446 S.W.3d 355, 369 (Tex. 2014) (the Texas Civil Practice and Remedies Code requires that each factual contention in a pleading must have evidentiary support at the time the pleading is filed, or is likely to receive such support after a reasonable opportunity for discovery has passed); *see also Tarrant County v. Chancey,* 942 S.W.2d 151, 155 (Tex.App. – Fort Worth 1997, no writ) (plaintiff's pleading must be "factually well grounded and legally tenable" at the time it is filed). The accident in this case occurred in

10

January 2010, and thus Plaintiffs had two years before filing suit to investigate the circumstances of the accident and to garner evidence to support their claim that Lear had violated a no-parking statute when he parked on the shoulder of the roadway at the time of the accident. Moreover, Plaintiffs had an almost additional two years after they filed their lawsuit to garner evidence in support of their claim, since Defendants did not file their second motion for summary judgment until November 2013. Yet, Plaintiffs assert they were still unprepared by the December 13, 2013 deadline for filing their response to come forward with any evidence to support that claim.

Numerous courts, including the Fort Worth Court of Appeals, have found that a trial court does not abuse its discretion by refusing to grant a motion for a continuance of a summary judgment hearing when the party had an even shorter period of time to obtain evidence necessary to support their case. *See, e.g., Allen v. United of Omaha Life Ins. Co.,* 236 S.W.3d 315, 325-26 (Tex.App. – Fort Worth 2007, pet. denied) (no abuse of discretion in denying party's motion for continuance of summary judgment hearing based on the need to take witness depositions where case was on file 14 months before summary judgment motion was filed); *Sevier Enters., Inc. v. Euclid Chem. Co.,* No. 02-13-00452-CV, 2014 WL 5791559, at *3-6 (Tex.App. – Fort Worth Nov. 6, 2014, no pet.) (mem. op.) (no abuse of discretion where case was on file 19 months before plaintiff filed its motion for continuance of summary judgment hearing); *Idniarti v. Bell Helicopter Textron, Inc.,* No. 02-12-00045-CV, 2013 WL 1908291, at *3-4 (Tex.App. – Fort Worth May 9, 2013, pet. denied) (mem. op.) (no abuse where case had been pending for over two years when summary judgment motion was filed). We similarly conclude the trial court did not abuse its discretion in denying Plaintiffs' motion for continuance based on the length of time

11

Plaintiffs' case was pending before Defendants filed their motion for summary judgment and before Plaintiffs filed their motion for continuance.

*Due Diligence in Obtaining the Discovery Sought*

Similarly, there is nothing in the record to suggest that Plaintiffs made any effort to obtain evidence to support their claim that Lear had violated the Transportation Code before filing their motion for continuance. Even though they had other means to document whether there were signs in place on the highway prohibiting parking in the area where the accident occurred at the time Lear stopped his truck, Plaintiffs instead determined that the only way to establish this critical element of their claim was to depose Lear.[4] Further, it appears Plaintiffs made this tactical decision as early as July 2013, when they opposed the first summary judgment motion and advised the trial court they needed additional time to depose Lear in order to obtain evidence to support their negligence per se claim. Moreover, despite advising the trial court they intended to "promptly notice" Lear's deposition, Plaintiffs never noticed Lear's deposition, and instead, relied on Defendants to notice and take Lear's deposition three months later on October 11, 2013.

Importantly, although Payne alleged in his affidavit that he heard critical testimony during the Lear deposition in October 2013—testimony that Plaintiffs now assert is the only evidence that could save their case from dismissal—Payne himself stated on the record at the close of the deposition that he was uncertain whether he would be ordering a copy of the transcript. And, there is nothing in the record to suggest that counsel ever contacted the court reporter at any time to obtain the deposition transcript, as is permitted under Rule 203.3(c) of the Texas Rules of Civil

---

[4] We note that there is nothing in the record to suggest that Plaintiffs made any attempt to take photographs of any existing signage on the highway, or to contact the Texas Department of Transportation to determine if any such signs existed in that location at the time of the accident.

12

Procedure.[5] *See* TEX. R. CIV. P. 203.3(c) ("[a]ny party or the witness is entitled to obtain a copy of the deposition transcript or nonstenographic recording from the deposition officer upon payment of a reasonable fee").

When Defendants filed their motions for summary judgment on November 14, 2013, they provided clear notice to Plaintiffs that they were challenging Plaintiffs to come forward with evidence to support their negligence per se claim, thereby alerting Plaintiffs they had a limited time to obtain a copy of the Lear transcript or face dismissal of their lawsuit. Yet, Plaintiffs then waited almost a month—until December 16, 2013, three days after their response deadline—to file a motion for continuance claiming they had been unable to obtain a copy of the transcript, but providing no explanation why they did not seek to obtain a copy sooner. Although the rules do not require that a motion for continuance be filed on or before the summary judgment response date, filing the motion after that date is evidence of a party's lack of due diligence. *See, e.g., Landers v. State Farm Lloyds,* 257 S.W.3d 740, 747 (Tex.App. – Houston [1st Dist.] 2008, no pet.) (court took into account fact that party did not file its motion for continuance of a summary judgment hearing until after the deadline had passed for filing a response to a summary judgment motion in determining whether party used due diligence); *Harden v. Merriman,* No. 02-12-00385-CV, 2013 WL 5874708, at *1-4 (Tex.App. – Fort Worth Oct. 31, 2013, no pet.) (mem. op.) (a trial court does not abuse its discretion by denying a motion for continuance when the movant first informs the trial court about the reason for a continuance shortly before the setting at issue).

---

[5] We are not suggesting Plaintiffs were required to make a "full price" purchase of the Lear deposition transcript from the court reporter. Rule 203.3(c) also permitted them to make a request on the opposing party to inspect and copy the deposition. We are simply pointing out that Plaintiffs had alternate means to obtain a copy of the deposition transcript.

13

The only evidence Plaintiffs presented indicating that they made *any* attempt to obtain the Lear deposition transcript came from attorney Payne's affidavit attached to their late-filed motion for continuance. In his affidavit, Payne contended that he had requested a copy of the Lear deposition from Defendants' attorney and that the attorney had failed to make the transcript available to him. Plaintiffs rely solely on this affidavit to support their contention that Defendants improperly withheld the deposition transcript from them in violation of Rule 203.3, which provides that a party may make a "reasonable request" to inspect and copy the transcript from the party who has received the original copy of it. TEX. R. CIV. P. 203.3(c) (the "party receiving the original deposition transcript or nonstenographic recording must make it available upon reasonable request for inspection and copying by any other party").

A party moving for a continuance of a summary judgment hearing based on the need to obtain additional evidence bears the burden to convince the court that he used due diligence in seeking to obtain the needed evidence, and must do so by providing the trial court with an affidavit specifying not only the evidence sought, but explaining why it was not obtained earlier in order to avoid the need for a continuance. *See Landers,* 257 S.W.3d at 747 (party seeking continuance of a summary judgment hearing based on need to conduct further discovery must support its motion with an affidavit stating with particularity what due diligence the party used to obtain the needed evidence); *Cooper v. Circle Ten Council Boy Scouts of Am.,* 254 S.W.3d 689, 696 (Tex.App. – Dallas 2008, no pet.) (same).

An affidavit that is general and conclusory does not meet this standard. Therefore, a trial court does not abuse its discretion by denying a motion for continuance when the affidavit submitted does not state with particularly what diligence was used to obtain the needed evidence or

14

testimony.  *See, e.g., Landers,* 257 S.W.3d at 747; *see also Schronk v. Laerdal Med. Corp.,* 440 S.W.3d 250, 264 (Tex.App. – Waco 2013, pet. denied) (trial court did not abuse its discretion in denying parties' motion for continuance of summary judgment hearing based on the need to conduct additional discovery where the parties failed to failed to demonstrate that they exercised due diligence in obtaining the additional discovery needed); *Dozier v. AMR Corp.,* No. 02-09-186-CV, 2010 WL 3075633, at *2-3 (Tex.App. – Fort Worth Aug. 5, 2010, no pet.) (mem. op.) (motion for continuance of summary judgment hearing based on needed evidence must be supported by affidavit stating with particularity what diligence the moving party used to obtain that evidence, and therefore conclusory allegations are not sufficient); *Rocha v. Faltys,* 69 S.W.3d 315, 319 (Tex.App. – Austin 2002, no pet.) (same); *Gabaldon v. Gen. Motors Corp.,* 876 S.W.2d 367, 370 (Tex.App. – El Paso 1993, no writ) (the record failed to establish that the trial court abused its discretion in denying motion to "defer ruling" on a summary judgment motion based on a request to obtain additional discovery, where the continuance motion did not provide details of what steps, if any, the movant had made toward obtaining the needed discovery); *Martinez v. William C. Flores, M.D., P.A.,* 865 S.W.2d 194, 197 (Tex.App. – Corpus Christi 1993, writ denied) (trial court did not abuse its discretion in denying motion for continuance of a summary judgment hearing, where appellants requested more time to conduct additional discovery to respond to the summary judgment motion, but failed, among other things, to explain why the needed discovery had not occurred before the submission date of the motion).

Further, a party attempting to blame the opposing party for its inability to obtain needed discovery or evidence, claiming they have violated discovery or other rules, must be specific in making any such accusation.  *See Allen v. United of Omaha Life Ins. Co*., 236 S.W.3d 315, 325-26

15

(Tex.App. – Fort Worth 2007, pet. denied). The mere accusation that a party abused the discovery process, without sufficient explanation of how that abuse occurred, is insufficient to justify overturning a trial court's ruling on a motion to continue a summary judgment hearing. *Id.* (trial court did not abuse its discretion in denying a motion for continuance of summary judgment hearing where party claimed that they were unable to obtain needed evidence due to opposing party's dilatory discovery tactics, but failed to explain exactly how that party abused the discovery process).

Although Plaintiffs claimed that Defendants violated Rule 203.3 by failing to allow their attorney to copy and inspect the Lear deposition transcript, their attorney's affidavit did not provide any basis for the trial court to determine that his request met the requirements of that Rule. The affidavit failed to make any reference to the date on which the request was made, the manner in which the request was made, or how Defendants' attorney responded to the request. We conclude the affidavit was too general and conclusory to mandate a conclusion by the trial court that Defendants violated Rule 203.3 or otherwise prevented Plaintiffs from timely obtaining the Lear deposition transcript before their summary judgment response was due.[6] *See Clark v. Compass Bank,* No. 02-07-00050-CV, 2008 WL 2168292, at *2 (Tex.App. – Fort Worth May 22, 2008, no pet.) (mem. op.) (when a movant fails to include a proper affidavit in support of a motion for a continuance, an appellate court must presume that the trial court did *not* abuse its discretion in denying the continuance) (citing *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex. 1986)).

---

[6] Plaintiffs argue it would have only taken a minimal effort to respond to their request to copy and inspect the deposition, and that Defendants' counsel could have easily complied with the request by simply having "a legal assistant retrieve the deposition from the file and place it on the conference room table" at their office for inspection and copying. Plaintiffs failed to present any evidence, however, to suggest that Payne made his request in time for even this simple act to occur before the summary judgment response deadline expired. It was Plaintiffs' burden to produce evidence that their request was reasonable. In the absence of any such evidence, we cannot not presume the request was reasonable.

Although Plaintiffs had numerous opportunities to do so, they failed to meet their burden to present evidence to the trial court that they acted with due diligence in seeking to obtain a copy of the Lear deposition transcript.[7] We therefore conclude the trial court did not abuse its discretion in denying the motion for continuance on this basis.

*The Materiality of Lear's Testimony*

We also conclude that Plaintiffs failed to establish that Lear's deposition transcript would have provided the "key" evidence needed to support Plaintiffs' claim that Lear violated the Transportation Code by parking in a location where non-emergency parking was prohibited at the time of the accident. Payne represented in his affidavit that Lear testified in his deposition that he was "aware" of signs somewhere along Interstate 20, which prohibited stopping except in an emergency. Assuming this is competent evidence and that Payne did in fact hear Lear so testify, Payne does not indicate in his affidavit where along I-20 Lear may have observed the signage. Significantly, Payne also does not indicate that he heard Lear testify that he observed the signage at the location where Lear stopped the truck, or that any signage Lear observed prohibited parking in that particular location.[8] In fact, Appellees presented an excerpt from Lear's deposition transcript indicating that Lear testified to the contrary—that he observed no signs prohibiting parking in the location where he was stopped at the time of the accident.

Accordingly, we conclude Plaintiffs have failed to establish the trial court abused its discretion in denying their motion for a continuance of the summary judgment hearing based on their claimed need to obtain the Lear deposition transcript. *See generally Patten v. Johnson,* 429

---

[7] Since Plaintiffs failed to meet their burden to show due diligence, we need not consider Plaintiffs' contention that Defendants failed to present competent summary judgment evidence to show that Plaintiffs' Rule 203.3 request was not reasonable.

[8] We note that I-20 is 1,535 miles long and goes through five different states.

17

S.W.3d 767, 776 (Tex.App. – Dallas 2014, pet. denied) (there was no abuse of discretion in denying a motion for continuance to obtain additional discovery when the trial court could have reasonably concluded that the additional discovery was unnecessary or irrelevant to the legal issues in the case).

**Order Granting Summary Judgment**

***Standard of Review***

A party may move for both a traditional and a no-evidence summary judgment at the same time. *Hall v. RDSL Enters. LLC,* 426 S.W.3d 294, 299-300 (Tex.App. – Fort Worth 2014, pet. denied). In a no-evidence summary judgment motion, the defendant alleges that adequate time for discovery has passed and that the plaintiff has failed to produce any evidence to support one or more essential elements of a claim for which the plaintiff would bear the burden of proof at trial. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). The trial court must grant the motion unless the plaintiff raises a genuine issue of material fact on each challenged element. *Hall,* 426 S.W.3d at 300 (citing *Hamilton v. Wilson,* 249 S.W.3d 425, 426 (Tex. 2008)). Similarly, a defendant moving for traditional summary judgment must state the specific grounds for the motion, and must negate at least one essential element of the plaintiff's cause of action, and if successful, the defendant is entitled to summary judgment as a matter of law. *KCM Fin. LLC*, 457 S.W.3d at 79; *see also Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002) (to prevail on a traditional summary-judgment motion, a movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law). Although the nonmoving party is not required to marshal its proof in response to a summary judgment motion, it

18

must present countervailing evidence that raises a genuine fact issue on the challenged elements. *Sw. Elec. Power Co.,* 73 S.W.3d at 215.

An appellate court reviews a trial court's order granting summary judgment de novo. *KCM Fin. LLC*, 457 S.W.3d at 79 (citing *Nall v. Plunkett,* 404 S.W.3d 552, 555 (Tex. 2013)); *see also Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862 (Tex. 2010). When, as here, a party moves for both a traditional and a no-evidence summary judgment, an appellate court typically first reviews the trial court's summary judgment under no-evidence standards. *RDSL Enters. LLC*, 426 S.W.3d at 300 (citing *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex. 2004)). An appellate court reviews a no-evidence motion for summary judgment under the same legal sufficiency standard that is used to review a directed verdict. *See Timpte Indust., Inc.,* 286 S.W.3d at 310. Once such a motion is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion. *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006). When reviewing a no-evidence summary judgment, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks,* 206 S.W.3d at 582 (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005); *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 208 (Tex. 2002)); *see also Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).

### *The Summary Judgment Evidence*

Both parties agree that after the trial court granted Defendants' first motion for summary judgment, Plaintiffs had only one claim that remained viable, *i.e.*, their negligence per se claim.

19

In order to prevail on a theory of negligence per se, a plaintiff must first, and foremost, establish that the defendant violated a statute or ordinance. If a violation is not established, we need not consider any other elements of the negligence per se claim. *See generally Johnson v. Enriquez,* 460 S.W.3d 669, 673 (Tex.App. – El Paso 2015, no pet.) (negligence per se requires a plaintiff to prove that a statute or ordinance was violated, and if so, that the violation was the proximate cause of the plaintiff's damages, and that the statute was designed to prevent an injury to the class of persons to which the plaintiff belongs); *see also Carter v. William Sommerville & Son, Inc.,* 584 S.W.2d 274, 278 (Tex. 1979) (in a negligence per se case, the only inquiry for the jury is whether or not the defendant violated the statute and, if so, whether this was a proximate cause of the accident).

The motion for summary judgment expressly contended, among other things, that Plaintiffs had no evidence to support their claim that Lear violated a law when he momentarily stopped on the side of the highway shortly before the accident occurred. Moreover, Defendants came forward with their own summary judgment evidence to support an opposite conclusion, *i.e.*, that Lear did *not* violate any laws when he pulled over on the shoulder of the road. In particular, Defendants attached excerpts from Lear's deposition testimony in which he testified that he did not recall seeing any no-parking signs in the area where he was parked and that he was not cited for improperly parking his vehicle by the investigating officer at the scene. Defendants also attached the "crash report" from the investigating officer, which indicated that Lear was not cited for a parking violation.

Defendants' motion shifted the burden to Plaintiffs to come forward with their own competent evidence to establish that Lear did in fact park in an area where non-emergency parking

20

was prohibited in violation of the Transportation Code. Although Plaintiffs' response to the summary judgment motion was due on December 13, 2013, Plaintiffs did not file any response until December 16, 2013, three days after the deadline for filing had passed. Further, there is nothing in the record to indicate that Plaintiffs sought or obtained leave of court to file a late response.

When there is no affirmative evidence in the record indicating that a late-filed summary judgment response was filed with leave of court, we must presume that the trial court did not consider the response, and therefore, we cannot consider it on appeal. *See E.B.S. Enterprises, Inc. v. City of El Paso,* 347 S.W.3d 404, 407-08 (Tex.App. – El Paso 2011, pet. denied) (citing *Benchmark Bank v. Crowder,* 919 S.W.2d 657, 663 (Tex. 1996)); *Goswami v. Metro. Sav. & Loan Ass'n,* 751 S.W.2d 487, 491 n.1 (Tex. 1988)); *see also INA of Tex. v. Bryant,* 686 S.W.2d 614, 615 (Tex. 1985) (court would not consider late-filed response to summary judgment motion where "nothing appears of record to indicate that the late filing was with leave of court"); *Sauls v. Munir Bata*, LLC, No. 02-14-00208-CV, 2015 WL 3905671, at *4 (Tex.App. – Fort Worth June 11, 2015, no pet.) (mem. op.) (where there was nothing in the record to indicate that the trial court considered plaintiff's second, late-filed response to the defendant's summary judgment motion, court would not consider the evidence on appeal).

Further, even if we were to consider the late-filed "preliminary response," it did not contain evidence sufficient to create a material issue of fact whether Lear violated the Transportation Code. Even assuming it contained competent summary judgment evidence,[9] Payne's affidavit failed to establish there were any signs prohibiting non-emergency parking in the area where Lear

---

[9] It is questionable whether the statements in Payne's affidavit concerning what he overheard Lear say during his deposition could even be considered competent summary judgment evidence since summary judgment evidence must set forth "such facts as would be admissible in evidence[.]" TEX. R. CIV. P. 166a(f).

21

had parked his truck. Even considering Payne's affidavit in its most favorable light, it stated only that Lear testified at his deposition that he was aware of signs prohibiting non-emergency parking somewhere along Interstate 20. This evidence did not raise a fact issue that there were signs prohibiting parking in the area where Lear had stopped prior to the accident, or that Lear had parked in violation of any such signs. To the contrary, Defendants presented evidence that established just the opposite—that Lear specifically testified that he did not observe any signs where he had parked, and that he was not cited for any parking violation at the time of the accident. As such, Payne's affidavit was insufficient to create a material issue of fact that Lear violated the Transportation Code, and was consequently insufficient to support Plaintiffs' negligence per se claim. Accordingly, we conclude the trial court properly granted summary judgment for Defendants. All of Plaintiffs' issues on appeal are overruled.

## CONCLUSION

We affirm.

STEVEN L. HUGHES, Justice

July 15, 2016

Before McClure, C.J., Rodriguez, and Hughes, JJ.

22