

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RISE ABOVE STEEL COMPANY, LLC., | § | No. 08-21-00127-CV |
| Appellant, | § | Appeal from the |
| v. | § | 109th District Court |
| LIBERTY MUTUAL INSURANCE COMPANY, | § | of Winkler County, Texas |
| | § | (TC# DC18-17466) |
| Appellee. | § | |
| | § | |

## **O P I N I O N**

Appellant, Rise Above Steel Company (Rise Above), raises one issue on appeal— "Did the trial court err in granting Liberty Mutual's motion for summary judgment?" Appellee, Liberty Mutual Insurance Company (Liberty Mutual), filed a hybrid motion for summary judgment, seeking no-evidence summary judgment on Rise Above's breach of contract and quantum meruit claims and traditional summary judgment on the basis of improper pass-through claim. The trial court granted summary judgment.

We agree with Rise Above and find the trial court erred in granting summary judgment. We reverse and remand the case for proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Rise Above seeks funds it alleges are due in connection with the construction of two wet sand storage buildings (the Atlas Project) in Winkler County. Rise Above is a construction company that erects steel frameworks primarily for commercial buildings. Rise Above entered into a subcontract agreement with Marquez Wrought Iron (Marquez), its general contractor, to provide labor and equipment in the erection of columns, beams, wind braces, and wall panels in the construction of the Atlas Project. When Marquez refused to pay the full amount due under the subcontract, Rise Above filed suit against Marquez and Atlas Sand Company (Atlas Sand), the project owner, and later filed an affidavit claiming a mechanic's or materialman's lien against the Atlas Project under Chapter 53 of the Texas Property Code. Thereafter, Atlas Sand, as principal, and Liberty Mutual, as surety, filed a bond to indemnify against the lien under Property Code chapter 53.

In September 2019, Rise Above filed its live pleading, its First Amended Original Petition, alleging breach of contract and quantum meruit claims against Marquez and a lien bond claim against Liberty Mutual, dropping Atlas Sand from the suit. Liberty Mutual filed its Special Exceptions and Original Answer, generally denying Rise Above's allegations; raising the affirmative defenses of estoppel, waiver, and failure to state a claim; and specially excepting to Rise Above's lien bond claim by asserting that (1) there is no cause of action against Liberty Mutual because there is no privity of contract to permit Rise Above's claim under the bond, and (2) Rise Above cannot make claims for interest, attorney's fees, and costs, due to a lack of standing to make such claims. In January 2020, Liberty Mutual filed its First Amended Answer, again asserting its general denial and affirmative defenses of estoppel, waiver, and failure to state a claim. In this First Amended Answer, Liberty Mutual raised additional affirmative defenses, stating Rise Above is barred from recovery on breach of contract because its contract was with Marquez, not

2

Atlas Sand, and from recovery on quantum meruit due to its written contract with Marquez. Liberty Mutual also raised the affirmative defenses of unclean hands, offset, and standing for the first time in this pleading. Liberty Mutual did not raise special exceptions in its First Amended Answer.

Liberty Mutual filed its hybrid traditional and no-evidence motion for summary judgment in July 2020. The trial court granted summary judgment, without stating grounds, in October 2020.

## STANDARD OF REVIEW

We review a trial court's granting of summary judgment de novo. *Herrera v. Resignato*, 621 S.W.3d 835, 840 (Tex.App.—El Paso 2021, no pet.)(citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)). When, as in this case, a trial court's order granting summary judgment does not specifically state the grounds for granting the motion, we must affirm the judgment "if any of the grounds on which judgment is sought are meritorious." *Id.* (citing *Neely v. Wilson*, 418 S.W.3d 52, 60 (Tex. 2013)).

Liberty Mutual moved for summary judgment against all Rise Above's claims on traditional and no-evidence grounds. Summary judgment is appropriate on a traditional motion when the movant shows no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *Id.* (citing TEX.R.CIV.P. 166a). In deciding whether a genuine issue precludes summary judgment, we must treat all evidence favorable to the non-movant as true and indulge every reasonable inference and resolve all doubts in its favor. *Id.* (citing *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002)). When a defendant conclusively negates at least one element of the plaintiff's cause of action or conclusively establishes all elements of an affirmative defense, the defendant is entitled to summary judgment. *Id.* (citing *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 355 (Tex. 1995)). Once such a motion is filed, the non-movant bears the burden of presenting evidence raising an issue of material fact as to each of the elements

3

challenged. *Id.* (citing *Rodriguez v. Cemex, Inc.*, 579 S.W.3d 152, 160 (Tex.App.—El Paso 2019, no pet.)). If a plaintiff fails to raise a genuine issue of material fact as to any challenged element, the trial court must grant the motion. *Herrera*, 621 S.W. 3d at 841 (citing *Stierwalt v. FFE Transp. Servs., Inc.*, 499 S.W.3d 181, 194 (Tex.App.—El Paso 2016, no pet.)).

In a no-evidence motion, the movant claims the non-movant lacks any evidence on one or more of the elements essential to its cause of action, and summary judgment is proper when the non-movant fails to produce sufficient evidence to raise an issue of fact on each element challenged on which it has the burden of proof. *Id.* at 841 (citing TEX.R.CIV.P. 166a(i) and *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008)(per curiam)). When the non-movant offers more than a scintilla of probative evidence in support of the challenged element(s), a fact issue is presented. *Id.* (citing *King Ranch v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)).

"[A]ll theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court." *Border Demo. & Enviro., Inc. v. Pineda*, 535 S.W.3d 140, 151 (Tex.App.—El Paso 2017, no pet.). We cannot affirm a summary judgment on a ground not expressly presented in the motion for summary judgment. *Id.*

## DISCUSSION

### Traditional Motion for Summary Judgment

In its traditional motion, Liberty Mutual urged all Rise Above's claims were barred under *Interstate Contracting Corp. v. City of Dallas* because the general contractor was not involved in the suit and claimed summary judgment was proper because Rise Above's lack of a contract with Atlas Sand prohibited it from asserting claims against Atlas Sand and Liberty Mutual. *See Interstate Contracting Corp. v. City of Dallas*, 135 S.W.3d 605, 610 (Tex. 2004). Rise Above

4

argues in its first sub-issue the trial court erred in granting traditional summary judgment because *Interstate Contracting* does not apply to this case. We agree with Rise Above.

### Inapplicability of Interstate Contracting Corp. v. City of Dallas

The introduction to Liberty Mutual's motion for summary judgment states it is a motion on pass-through liability. Liberty Mutual argued Rise Above's lack of privity of contract with Atlas Sand bars any recovery by Rise Above against Liberty Mutual under a pass-through liability theory.

As the basis for its traditional motion, Liberty Mutual relied on *Interstate Contracting* to assert Rise Above's claims are barred. Liberty Mutual argued Marquez, the general contractor, had not agreed to take part in the suit, and the general contractor is an integral part of any pass-through claim, a claim presented through a contractor who has a contractual relationship with both the owner and the subcontractor. *See Interstate Contracting*, 135 S.W.3d at 610.

We do not disagree with Liberty Mutual's interpretations of the holdings of *Interstate Contracting. See id*. However, we question the applicability to the case at hand. Although Liberty Mutual recognized in its summary judgment motion that no pass-through claim had been presented by Rise Above, its traditional motion for summary judgment asserted Rise Above lacks standing to assert a pass-through claim and its pass-through claim is improperly pleaded. Rise Above did not have a pass-through breach of contract claim against Atlas Sands or Liberty Mutual when Liberty Mutual's motion was filed.[1] Rise Above's breach of contract claim was filed against Marquez. The claim against Liberty Mutual is a claim on a bond indemnifying a lien, and the Court stated in *Interstate Contracting*, "our recognition of pass-through claims does not . . . affect the

---

[1] Although Rise Above's Original Petition alleged breach of contract and quantum meruit against Atlas Sand and Marquez, its First Amended Original Petition dropped Atlas Sand as a defendant, added Liberty Mutual, and alleged breach of contract against only Marquez.

procedures for . . . asserting claims on payment bonds . . . . [P]ass-through claims provide protections not afforded by the lien and payment bond statutes, and our recognition of pass-through claims does not disturb the existing statutory procedures and requirements." *Id.* at 618-19.

Liberty Mutual's traditional motion for summary judgment did not attempt to defeat Rise Above's lien bond claim or allege there is no genuine issue of material fact as to that claim. *See* TEX.R.CIV.P. 166a(c). Liberty Mutual's entire traditional motion for summary judgment is based on a non-existent claim of pass-through liability. The trial court's granting of summary judgment under 166a(c) was error. We sustain Rise Above's first sub-issue.

### No-Evidence Motion for Summary Judgment

In its no-evidence motion, Liberty Mutual challenged Rise Above's ability to produce evidence on existence of a contract with Atlas Sand and services provided to Atlas Sand upon which it could recover. Liberty Mutual contended Rise Above could produce no evidence it is entitled to relief due to its lack of contract with Atlas Sand, and for that reason, summary judgment for Atlas Sand and Liberty Mutual was proper.

In its second sub-issue, Rise Above urges the trial court erred in granting no-evidence summary judgment because it was not required to prove elements of breach of contract or contract damages. Rise Above asserts its claim against Liberty Mutual is on the bond to indemnify against lien and privity of contract is not a requirement to recover under the lien statutes, Chapter 53 of the Texas Property Code. In response, and different from its argument in the trial court, Liberty Mutual argues that since Rise Above has no privity of contract with Atlas Sand, its claims must be governed by Chapter 53 of the Texas Property Code.

At the time Liberty Mutual filed its motion for summary judgment, Rise Above had a live indemnity bond claim against Liberty Mutual. Although Liberty Mutual now argues Rise Above

did not meet its obligations under the lien statutes, neither of its summary judgment arguments addressed the lien claim. Again, we find Rise Above's positions compelling.

### *Breach of Contract*

Rise Above's original petition alleged breach of contract against defendants Atlas Sand and Marquez. After Rise Above filed its lien against the Atlas Project, prompting Liberty Mutual to file its bond indemnifying the Atlas Project, Rise Above filed its amended petition, which no longer included Atlas Sand as a defendant but added Liberty Mutual. Rise Above's breach of contract claim in its amended petition was stated against only Marquez.

Although Liberty Mutual urged a no-evidence motion against Rise Above on the issue of breach of contract with Liberty Mutual, Rise Above had no burden of proving breach of contract or contract damages against Atlas Sand at the summary judgment stage because it had no breach of contract claim against Atlas Sand or it surety, Liberty Mutual. No-evidence summary judgment cannot be properly granted when the element identified by the movant as entitling it to summary judgment is not an element of the non-movant's claim. *Villarreal v. Wells Fargo Brokerage Servs., LLC*, 315 S.W.3d 109, 127 (Tex.App.—Houston [1st Dist.] 2010, no pet.).

On appeal, Liberty Mutual argues because Rise Above had no contract with Atlas Sand, it was required to comply with chapter 53 of the Texas Property Code.

### *Consideration under Property Code Chapter 53*

For the first time on appeal, Liberty Mutual alleges under Property Code chapter 53 the lien claimant has the burden of proving its lien claim is valid and would have been enforceable against the owner's property. In addition, Liberty Mutual also raises for the first time on appeal the assertion that Rise Above's affidavit for lien is fatally flawed, rendering its lien void, citing Sections 53.052(a) and 53.054(a)(1) of the Property Code.

7

However, Liberty Mutual cannot raise the issue of defective lien for the first time on appeal. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)(citing *Roberts v. Sw Tex. Methodist Hosp.*, 811 S.W.2d 141, 146 (Tex.App.—San Antonio 1991, writ denied)); *see also Jones v. Coppinger*, 642 S.W. 3d 51, 63 (Tex.App.—El Paso Aug. 31, 2021, no pet.). Here, Liberty Mutual's motion for summary judgment focused entirely on pass-through claims, breach of contract, and quantum meruit. It never objected to, or presented evidence contrary to, or put Rise Above to its proof on the issue of validity of its lien through its motion.

Not only did Liberty Mutual fail to call the lien's validity into question in it motion for summary judgment, its exceptions to and affirmative defenses regarding the lien in its answer are quite limited. Appellant's First Amended Original Petition, in the Background Facts section, stated, "Rise Above filed for record its lien affidavit with the county clerk of Winkler County, Texas, and served a copy of it . . . . All obligations and conditions precedent to Rise Above's right to recovery heretofore required of Rise Above have been performed or have occurred." In the section titled "Lien Bond Claim," Rise Above incorporated the language from the Background Facts section and additionally pled, "Rise Above has met all the requirements for perfection of a valid lien. Rise Above seeks to recover against the Liberty Mutual Bond . . . ." This language sufficiently placed Liberty Mutual on notice of Rise Above's claim on the lien bond and of Rise Above's performance or occurrence of all conditions precedent. *See Wade & Sons, Inc. v. American Standard, Inc.*, 127 S.W.3d 814, 825 (Tex.App.—San Antonio 2003, pet denied)(holding the following language sufficient to place defendant on notice of suit on lien and performance or occurrence of all conditions precedent: "[T]his is a suit to foreclose on a Bond to Indemnify Against Lien and a suit on sworn account. All conditions precedent have been performed or have occurred.").

8

Because Rise Above pled all conditions precedent had been performed or had occurred, then Liberty Mutual, if it chose to, could except to the lien and its perfection by specifically denying which conditions precedent had not been performed or had not occurred. *See id*. Liberty Mutual failed to assert Rise Above's lien perfection was erroneous in any way, including any allegation that the affidavit was insufficient. In the trial court, Liberty Mutual did not contradict Rise Above's pleading that all conditions precedent had been performed or had occurred.[2] Even an answer specifically denying Rise Above had performed all conditions precedent would not have been sufficient, as "Texas Rule of Civil Procedure 54 requires the opposing party to specifically deny which conditions precedent have not been performed or have not occurred." *See id*. at 826 (citing TEX.R.CIV.P. 54). "A defendant cannot generally deny that the plaintiff has not proved all conditions precedent, but must specifically deny which conditions precedent have not been met." *Id*. By failing to specifically deny that Rise Above's affidavit was faulty, Liberty Mutual waived its right to complain of such failure on appeal. *See id.* (holding failure to specifically deny proper notice of filing an affidavit under Texas Property Code chapter 53 waived the right to complain of this failure on appeal).

---

[2] To the extent that special exceptions were included in Liberty Mutual's Original Answer, they were waived because they were not included in the First Amended Answer. When a first amended answer contains no special exceptions, nor adopts by reference the exceptions contained in the original answer, the amended answer is not sufficient to preserve the exception contained in the original pleading. *Pure Oil Co. v. Fowler*, 302 S.W.2d 461, 465 (Tex.App.—Dallas 1957, writ ref'd n.r.e.)(stating "without waiving any . . . objections heretofore filed in this cause, but still insisting thereon" is insufficient to preserve special exception)(citing Tex.R.Civ.P. 58, 75); *accord Roberts v. Nowlin*, 9 S.W.2d 69, 69 (Tex.App.—Amarillo 1928, no writ)("[F]rom the recitals in the amendment, it appears that the pleader is endeavoring to rely upon the demurrer and exceptions set forth in the original answer. Of course, this cannot be done, since the amendment must stand alone . . . .")(citing Tex. Dist. & Cnty. Ct. R. 14, the predecessor to Tex.R.Civ.P. 65 per Texas Rules of Civil Procedure-Rules Effective September 1, 1941-:An Historical Project (October 5, 2022, 12:03 PM), https://www.stcl.edu/lib/TexasRulesProject/TRCPPartIIsec4A/rule 651941.htm). Further, the special exceptions included in the original answer did not specifically deny which conditions precedent had not been performed or had not occurred. *See Wade & Sons*, 127 S.W.3d at 826. They only raised the issue of privity of contract and lack of standing to claim interest, attorney's fees, and costs.

Rise Above had no burden of proving breach of contract or contract damages at the summary judgment stage. Further, Liberty Mutual cannot raise the validity of the lien or affidavit for the first time on appeal. The trial court erred in granting a no-evidence summary judgment for Liberty Mutual on the issue of breach of contract with Atlas Sand. We sustain Rise Above's second sub-issue.

### *Quantum Meruit*

Liberty Mutual also alleged in its no-evidence motion for summary judgment that Rise Above had presented no evidence that it had provided valuable services to Atlas Sand. Liberty Mutual alleged because of the agreement between Rise Above and Marquez, the services rendered were performed for the benefit of Marquez, not Atlas Sand.

In response to Liberty Mutual's motion for summary judgment, Rise Above stated its claim against Liberty Mutual is on the bond;[3] that there is no requirement of a contract between the subcontractor and the owner; and "if there is even a requirement of showing valuable services," it provided such services benefitting Atlas Sand. Rise Above reiterates these responses on appeal.

The elements of proving a claim for quantum meruit are: (1) the plaintiff rendered valuable services or furnished materials; (2) for the defendant; (3) which were accepted by the defendant; and (4) under circumstances in which the person sought to be charged was reasonably notified that the plaintiff was expecting to be paid for those services or materials. *Pearl Res. LLC v. Charger*

---

[3] Rise Above's first amended petition, under its cause of action for quantum meruit, states it provided valuable services and materials to Marquez on the Atlas Project. The amended petition further states, "[s]uch services and materials were accepted, which ***they*** knew that Rise Above expected to be paid for such services and materials, and that Marquez benefitted from such services and materials." [Emphasis Added]. We believe it is likely Rise Above intended to abandon its claim for quantum meruit against Atlas Sand when it amended its petition. However, the language of the amended petition is not unequivocal, and Liberty Mutual has raised the point, so we will address it.

*Servs., LLC*, 622 S.W.3d 106, 120-21 (Tex.App.—El Paso 2020, pet. denied)(citing *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 732-33 (Tex. 2018)).

In the trial court, Rise Above presented evidence that it provided valuable services to Atlas Sand. Accompanying its response to Liberty Mutual's motion for summary judgment was the declaration of Rowdy Johnson, owner and president of Rise Above, which states Rise Above performed work both under the subcontract agreement with Marquez, with an amount due and owing of $273,100.00, and extra work with reasonable value of $181,186.00 that was not part of the subcontract agreement but was performed on the Atlas Project. Rise Above attached numerous invoices and daily reports detailing work performed on the Atlas Project, detailing work done both under the subcontracting agreement and extra work not included in the subcontracting agreement, but all done on the Atlas Project. This evidence constitutes more than a scintilla of evidence that Rise Above provided valuable services for Atlas Sand, and summary judgment on this issue was inappropriate.

Liberty Mutual argues on appeal the quantum meruit claim is invalid because the lien is invalid. We have already determined the validity of the lien cannot be raised for the first time on appeal.

Liberty Mutual further argues Rise Above has no live pleadings against it for quantum meruit and Rise Above's pleadings judicially admit Rise Above's quantum meruit claims are against only Marquez. Both these arguments are also raised for the first time on appeal, so we decline to address them. *Border Demo.*, 535 S.W.3d at 151. Moreover, if Rise Above had no quantum meruit claim against Liberty Mutual, a no-evidence summary judgment was improper on this point. *See Villarreal*, 315 S.W.3d at 127.

11

Liberty Mutual argues a substantial portion of the damages Rise Above claims against the lien are damages caused by Marquez's delay and were not damages that could be attributed to Liberty Mutual. Again, this issue was not raised in the summary judgment motion, and we will not consider it for the first time on appeal. *Border Demo.*, 535 S.W.3d at 151. The no-evidence motion for summary judgment alleged no evidence of valuable services provided to Atlas Sand, and, as stated above, Rise Above met their burden of providing evidence to support their point.

Finally, Liberty Mutual sought summary judgment on quantum meruit because the contract between Rise Above and Marquez dictated the services rendered were for the benefit of Marquez, not Atlas Sand. The express contract defense is an affirmative defense on which Liberty Mutual has the burden of proof. *See Christus Health v. Quality Infusion Care, Inc.*, 359 S.W.3d 719, 722 (Tex.App.—Houston [1st Dist.] 2011, no pet.). Rise Above did not have the burden of producing evidence on this point, and granting no-evidence summary judgment on this basis was incorrect. *See* TEX.R.CIV.P. 166a(i).

Rise Above produced sufficient evidence to create a fact issue on the elements of quantum meruit challenged by Liberty Mutual. Liberty Mutual's remaining arguments on quantum meruit either cannot be raised for the first time on appeal or were claims on which it had the burden of proof. Granting no-evidence summary judgment on Rise Above's quantum meruit claim was in error.

**CONCLUSION**

Having reviewed the record, we have determined that granting summary judgment on either a traditional motion under Rule 166a(c) or a no-evidence motion under 166a(i) was erroneous. For that reason, we reverse the granting of summary judgment on Rise Above's claims and remand the case for proceedings consistent with this opinion.

YVONNE T. RODRIGUEZ, Chief Justice

November 04, 2022

Before Rodriguez, C.J., Palafox, J, and Ferguson, Judge
Ferguson, Judge (Sitting by Assignment)