**Abdulazim TAHERZADEH, Appellant,**

v.

**Mahnaz GHALEH–ASSADI, Appellee.**

**No. 05–02–01346–CV.**

Court of Appeals of Texas,
Dallas.

June 30, 2003.

Mo Taherzadeh, Houston, for Appellant.

Carla Nalline Bean, Dallas, for Appellee.

Before Justices JAMES, FRANCIS, and LANG.

## OPINION

Opinion By Justice JAMES.

Abdulazim Taherzadeh appeals the trial court's granting of a protective order. Taherzadeh brings one issue, asserting the trial court abused its discretion in denying his motion for continuance. We affirm the trial court's judgment.

On July 2, 2002, the trial court entered a temporary ex parte protective order on behalf of Taherzadeh's ex-wife, Mahnaz Ghaleh–Assidi. *See* Tex. Fam.Code Ann. § 83.001 (Vernon 2002). Taherzadeh received notice of the hearing regarding the protective order on July 9, 2002. The hearing was scheduled for July 18, 2002. Taherzadeh appeared at the hearing and orally requested a continuance in order to obtain counsel. The court denied Taherzadeh's request, proceeded with the hearing, and granted the application for the protective order.

■ To present a complaint for appellate review, the record must show a complaint was communicated to the trial court by a timely motion, request, or objection complying with the requirements of the rules of civil procedure. Tex.R.App. P 33.1(a). When a party moves for continuance, civil procedure rule 251 requires the party to show sufficient cause supported by affidavit, consent of the parties, or operation of law as support for its motion. Tex.R. Civ. P. 251. Taherzadeh presented his oral motion for continuance without a supporting affidavit, as required by the Texas Rules of Civil Procedure; therefore, he failed to preserve his complaint for our review.

■ Taherzadeh asserts an exception to rule 251 as discussed by the Texas Supreme Court in *Villegas v. Carter* should apply to his appeal. *See Villegas v. Carter*, 711 S.W.2d 624 (Tex.1986). In *Villegas*, the supreme court ruled the trial court abused its discretion when it denied a motion for continuance offered without a supporting affidavit. *Id.* at 626. Villegas had counsel, and the trial court granted counsel's motion to withdraw two days prior to Villegas's scheduled hearing. *Id.* at 625. When he withdrew, counsel refused to relinquish documents necessary to future counsel and to which Villegas was entitled. *Id.* at 626. The supreme court granted a new trial not because Villegas appeared at trial without the assistance of counsel, but because Villegas's former attorney did not deliver his papers or property to him and the trial court did not give Villegas time to retrieve his papers or property and employ new counsel. *See id.* at 627. The supreme court stated the trial court should have either granted Villegas's motion for continuance or denied counsel's motion to withdraw, and it did neither. *Id.*

The present case is distinguishable. Here, Taherzadeh had nine days between the date he received notice and the date of the hearing to obtain counsel. On the day of the hearing, the court also gave Taherzadeh at least thirty minutes before the hearing to call an attorney, but Taherzadeh stated he was unable to reach one. Taherzadeh was never in a situation similar to that of Villegas. Therefore, we conclude the exception in *Villegas* does not apply to the present case, and Taherzadeh did not preserve his complaint for our review.

■ Notwithstanding his failure to preserve error, Taherzadeh's argument fails. We review a court's ruling on a motion for continuance under an abuse of discretion standard. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex.2002). A trial court commits an

abuse of discretion if its decision is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* at 800 (quoting *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)).

A court may issue a temporary ex parte order if it finds a clear and present danger of family violence evidenced in the application. TEX. FAM.CODE ANN. § 83.001 (Vernon 2002). A temporary ex parte order is valid for up to twenty days. *Id.* § 83.002 (Vernon 2002). Within fourteen days after an applicant applies for a protective order, the court must set a hearing date. *Id.* § 84.001 (Vernon 2002). The respondent is entitled to receive notice of the hearing, and if the hearing is scheduled less than forty-eight hours after the respondent receives notice, the court must reschedule the hearing should the respondent request. *Id.* §§ 82.043, 84.004 (Vernon 2002).

In this case, Taherzadeh received the notice nine days before the hearing. The family code provides for a mandatory continuance only when the respondent has less than forty-eight hours notice. *See id.* § 84.004 (using the term "shall"). Therefore, Taherzadeh was not entitled to a continuance as a matter of law under section 84.004; consequently, the court's decision to deny his motion was not "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *See BMC Software Belg., N.V.,* 83 S.W.3d at 800. Accordingly, we conclude Taherzadeh has not shown the court abused its discretion in denying his motion for continuance. We resolve Taherzadeh's issue against him.

We affirm the trial court's judgment.