

NUMBER 13-14-00127-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

REBECCA R. GONZALEZ,                                                      Appellant,

v.

MAURO L. REYNA III,                                                        Appellee.

On appeal from the 92nd District Court
of Hidalgo County, Texas.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Chief Justice Valdez

Proceeding pro se, appellant, Rebecca R. Gonzalez, appeals from the trial court's

grant of summary judgment in favor of Mauro L. Reyna, III.[1]  By two issues, Gonzalez

---

[1] Although Manuela Torres on behalf of San Juana Maria Torres was also a plaintiff in the trial court and the judgment was rendered against both Gonzalez and Torres, Torres has not filed a notice of appeal and is not a party here.  In addition, although, Gonzalez's brief recognizes that Torres is a party, only Gonzalez filed a notice of appeal and the brief is signed only by Gonzalez.

contends that the trial court abused its discretion by denying her motion for continuance. We affirm. [2]

## I.  BACKGROUND

Gonzalez and Manuela Torres on behalf of San Juana Maria Torres filed their petition on January 23, 2009, alleging that appellee had committed legal malpractice and fraud.  On June 6, 2013, the trial court held a hearing on dismissal for want of prosecution. At the hearing, the trial court explained that the purpose of the hearing was to determine whether Gonzalez was interested in pursuing the case because "there ha[d] been no activity in this case for a long time."  Gonzalez proceeded pro se at the hearing.  The trial court told Gonzalez that if she wanted to continue with the suit, the case would not be dismissed.  Gonzalez stated that she wanted the case to continue and indicated that she was looking for an attorney.  The trial court did not dismiss the case.

On December 5, 2013, the trial court held a status hearing where it considered Gonzalez's first motion for continuance.  The trial court continued the case for thirty days for another status hearing.  On December 10, 2013, appellee filed a motion for no-evidence summary judgment on all of Gonzalez's causes of action.  Gonzalez replied to appellees' motion for no-evidence summary judgment on December 27, 2013.  The trial court held a hearing on the motion on January 8, 2014.  At this hearing, Gonzalez proceeded pro se and indicated that she needed "more time."  The trial court granted appellee's motion for no-evidence summary judgment on January 24, 2014.  This appeal ensued.

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We will reverse a trial court's ruling on a motion for continuance if there is a clear abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). A trial court abuses its discretion if it acts in an arbitrary and unreasonable manner or without reference to guiding rules or principles. *McAleer v. McAleer*, 394 S.W.3d 613, 617 (Tex. App.—Houston 2012, no pet.); *see State v. Crank*, 666 S.W.2d 91, 93 (Tex. 1984). We review several factors when deciding whether a trial court abused its discretion in denying a motion for continuance that seeks additional time for discovery. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). We consider: "the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought." *Id.*

## III. ANALYSIS

By her first issue, Gonzalez contends that the trial court abused its discretion by not giving her more time to prepare for the summary judgment hearing. Specifically, Gonzalez states, "After [a]ppellee responded with a [motion for no-evidence summary judgment] the [trial court] should have allowed [Gonzalez] additional time to properly prepare for the argument considering the fact that she had relevant evidence" and that Gonzalez "had evidence that proved her case would have succeeded since it fell within a class action lawsuit which had already been settled in [Gonzalez's] favor."

Texas Rule of Civil Procedure 251 provides that no continuance shall be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. At the summary judgment hearing, Gonzalez

3

stated that she needed "more time." Assuming without deciding that Gonzalez's statement was an oral motion for continuance, the motion was not supported by affidavit, appellee did not consent to a continuance, and Gonzalez did not explain why a continuance was required by operation of law. Therefore, Gonzalez's oral motion does not satisfy the provisions of rule 251, and Gonzalez failed to preserve this complaint for our review. *In re A.M.*, 418 S.W.3d 830, 838 (Tex. App.—Dallas 2013, no pet.) (citing *Strong v. Strong*, 350 S.W.3d 759, 762 (Tex. App.—Dallas 2011, pet. denied); *Taherzadeh v. Ghaleh–Assadi*, 108 S.W.3d 927, 928 (Tex. App.—Dallas 2003, pet. denied); *Favaloro v. Comm'n for Lawyer Discipline*, 13 S.W.3d 831, 838 (Tex. App.—Dallas 2000, no pet.)); *see also John Kleas Co. Inc. v. Prokop*, No. 13-13-00401-CV, 2015 WL 1544797, at *4 (Tex. App.—Corpus Christi Apr. 2, 2015, no pet.) (mem. op.) ("When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance.") (citing *Tenneco Inc. v. Enter. Products Co.*, 925 S.W.2d 640, 647 (Tex.1996)).

Moreover, even if the issue were preserved, with respect to the claimed need for additional time to prepare for the summary judgment hearing, this case had been pending in the trial court for more than four years at the time of the summary judgment hearing. *See Strong v. Strong*, 350 S.W.3d 759, 763 (Tex. App.—Dallas 2011, pet. denied) (holding that trial court did not abuse its discretion in denying continuance when case had been pending over two years). In neither the summary judgment response nor in argument at the hearing did Gonzalez offer evidence that she had "exercised due diligence." *See State v. Wood Oil Distrib.*, Inc., 751 S.W.2d 863, 865 (Tex. 1988) ("It is

4

also well established that the failure of a litigant to diligently utilize the rules of civil procedure for discovery purposes will not authorize the granting of a continuance.").

A party seeking more time to oppose a summary judgment motion must describe the evidence sought, explain its materiality, and show the due diligence used to obtain the evidence. *Carter*, 93 S.W.3d at 310 (citing TEX. R. CIV. P. 166a(g), 251, 2527). Regarding her assertion that she needed "more time," Gonzalez stated only:

> I do have the evidence with me but I need more time to attach those with this. Because if he is saying that within a case, why go and pull only one doctor? And in this situation where the other case is involved it's dealing with that same doctor that my grandmother was part of that also as the medical billing. She was part of that too. She was supposed to be in two lawsuits at the same time.

Gonzalez did not describe the evidence sought, explain its materiality, or show that she exercised due diligence in obtaining it. Instead, it appears that she admitted that she had the evidence and was merely requesting more time to attach it.

In addition, in the summary judgment context, it is generally not an abuse of discretion to deny a motion for continuance if the party moving for a continuance has received twenty-one days' notice of the hearing as required by Rule 166a(c). *Carter v. MacFadyen*, 93 S.W.3d 307, 310 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *see* TEX. R. CIV. P. 166a(c). Here, there is no argument from Gonzalez that she did not receive twenty-one days' notice of the summary judgment hearing, and she has not argued that an exception to the general rule applies. Finally, after the summary judgment hearing, the trial court allowed Gonzalez to supplement the response to appellees' motion for no-evidence summary judgment, and the trial court indicated that it considered everything in its file. For these reasons, the trial court did not abuse its discretion by

5

denying additional time to prepare for the summary judgment hearing. Gonzalez's first issue is overruled.

By her second issue, Gonzalez contends that she "deserve[s] to have [the] case heard [by the trial court] because [she has] sufficient evidence to prove [she has] been legally wronged and [is] entitled to justice." Specifically, Gonzalez argues that the trial court "forced" her to proceed pro se knowing that she did not have "sufficient knowledge of civil proceedings and other necessary related matters" and that she needed "more time to learn how to present and gather the evidence necessary to formulate her proper legal argument to the best of her abilities."[3] However, Gonzalez did not make this argument to the trial court. *See* TEX. R. APP. P. 33.1(a)(1). Accordingly, we are unable to reverse on that basis. *See id.* Moreover, as set out above, Gonzalez did not comply with rule 251. We overrule Gonzalez's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

/s/ Rogelio Valdez
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
2nd day of July, 2015.

---

[3] The trial court asked Gonzalez if she wished to represent herself; she said, "Yes, Your Honor." The trial court stated, "Okay. So the Court will allow you to represent yourself, and Gonzalez replied, "Okay." Gonzalez made no objections to proceeding pro se.