ACCEPTED
02-17-00063-CV
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
12/20/2017 10:45 PM
DEBRA SPISAK
CLERK

## No. 2-17-00063-CV

## IN THE COURT OF APPEALS
## FOR THE SECOND DISTRICT OF TEXAS AT FORT WORTH

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
12/20/2017 10:45:22 PM
DEBRA SPISAK
Clerk

**ENTERPRISING GALS OF TEXAS, LLC
D/B/A WHEEL REPAIR SOLUTIONS**

*Appellant*

**v.**

**ANGELICA SPREHE, RYAN SPREHE, AND ARS WHEEL REPAIR,
INC.**

*Appellees*

On Appeal from the 442nd District Court of Denton County
Tiffany Haertling, Judge Presiding

## APPELLEES' BRIEF

### GARDNER HAAS PLLC

Michael S. Gardner
State Bar No. 24002122
mg@gardnerhaas.com
Eric P. Haas
State Bar No. 24050704
eh@gardnerhaas.com
Jeremy R. Wilson, Of Counsel
State Bar No. 24037722
jw@gardnerhaas.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................... 2

TABLE OF AUTHORITIES ..................................................................... 3

ISSUES ON APPEAL ............................................................................... 5

STATEMENT OF FACTS ......................................................................... 6

SUMMARY OF ARGUMENT ................................................................. 12

ARGUMENT ............................................................................................. 16

       ARGUMENT REGARDING ISSUE 1 ................................................. 16

              **A. This Court Should Presume The Trial Court Did Not Abuse Its Discretion In Denying A Continuance Because Enterprising's Motion Was Not Verified Or Supported By A Proper Affidavit**…………………...17

              **B. The Trial Court Did Not Abuse Its Discretion In Denying Enterprising's Request**............................................20

                     **1. The Length Of Time This Case Was On File Supports Denial Of Enterprising's Motion** ................................... 20

                     **2. Enterprising Did Not Establish The Materiality Of The Evidence Sought** ........................................................ 21

                     **3. Enterprising Did Not Establish Diligence In Pursuing Discovery** .......................................................... 24

       ARGUMENT REGARDING ISSUE 2 ................................................. 27

CONCLUSION ........................................................................................ 32

# TABLE OF AUTHORITIES

## Cases

*Allen v. United of Omaha Life Ins. Co.*, 236 S.W.3d 315, 325–26
(Tex. App.—Fort Worth 2007, pet. denied).......................................................... 19

*Ashton Grove L.C. v. Jackson Walker L.L.P.*, 366 S.W.3d 790, 800
(Tex. App.—Dallas 2012, no pet.) ...................................................................... 17

*D.R. Horton-Texas, Ltd. v. Savannah Properties Assocs., L.P.,* 416 S.W.3d 217,
222 (Tex. App.—Fort Worth 2013, no pet.). ...................................................... 15

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985) ... 15

*Dozier v. AMR Corp.*, No. 02–09–186–CV, 2010 WL 3075633, at *2-3
(Tex. App.—Fort Worth Aug. 5, 2010, no pet.) (mem. op.).............................. 24

*Idniarti v. Bell Helicopter Textron, Inc.,* No. 02–12–00045–CV, 2013 WL
1908291, at *3-4 (Tex. App.—Fort Worth May 9, 2013, pet. denied) ............... 20

*Moak v. Huff,* No. 04-11-00184-CV, 2012 WL 566140, at *10
(Tex. App.—San Antonio Feb. 15, 2012, no pet.) (mem. op.) ........................... 26

*Peoples v. Genco Fed. Credit Union*, No. 10–09–00032–CV, 2010 WL 1797266,
at *7 (Tex. App.—Waco May 5, 2010, no pet.) (mem. op.)................................ 26

*Poonjani v. Kamaluddin*, No. 02-14-00193-CV, 2015 Tex. App. LEXIS 5717, at
*4 (Tex. App. – Fort Worth June 4, 2015, no pet.) .............................................. 18

*Ropa Expl. Corp. v. Barash Energy, Ltd.*, No. 02-11-00258-CV, 2013 WL
2631164, at *12 (Tex. App. – Forth Worth June 13, 2013, pet. denied)............. 28

*See Grace Interest, LLC v. Wallis State Bank*, 431 S.W.3d 110, 128 n.6
(Tex. App.—Houston [14th Dist.] 2013, pet denied.)........................................ 17

*State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988);...................... 23

*Stierwalt v. FFE Transportation Servs., Inc.,* 499 S.W.3d 181, 188
(Tex. App.—El Paso 2016, no pet.). .................................................................. 15

*Stierwalt v. FFE Transportation Servs., Inc.,* 499 S.W.3d 181, 189
(Tex. App.—El Paso 2016, no pet) ........................................................ 24

*Taherzadeh v. Ghaleh-Assadi*, 108 S.W.3d 927, 928
(Tex. App.—Dallas 2003, pet. denied) ................................................. 17

*Tenneco Inc. v. Enter. Prods. Co.,* 925 S.W.2d 640, 647 (Tex. 1996). .................. 16

*Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006) ............... 27

## Rules

TEX. R. CIV. P. 166a ........................................................................... 18

TEX. R. CIV. P. 251 ............................................................................ 18

TEX. R. CIV. P. 252 ........................................................................... 18

## ISSUES ON APPEAL

ISSUE 1:    In light of the three previous continuances granted to Enterprising, the substantial delays by Enterprising in pursuing discovery, the defects in Enterprising's fourth motion for continuance, and the fact that the Sprehes produced the documents which they were ordered to produce, the trial court did not abuse its discretion in: (1) denying Enterprising's fourth motion for continuance as to the Sprehes' motion for summary judgment and (2) granting the motion for summary judgment.

ISSUE 2:    The trial court properly awarded attorneys' fees to the Sprehes based on their successful defense of Enterprising's Texas Theft Liability Act claim.  The Sprehes properly segregated their attorneys' fees in accordance with Texas Supreme Court precedent.  As such, there was sufficient evidence to support the trial court's award of attorneys' fees to the Sprehes.

**STATEMENT OF FACTS**

Appellant Enterprising Gals of Texas, L.L.C. ("Enterprising") filed this lawsuit on July18, 2014 against its former employee, Appellee Angelica Sprehe ("Angelica"), her husband, Appellee Ryan Sprehe ("Ryan"), and their company, Appellee ARS Wheel Repair, Inc. ("ARS") (collectively, the "Sprehes") [CR 7-11]. Enterprising sued the Sprehes because they set up a competing wheel repair company. [CR 11-12].

Because Angelica did not have a covenant not to compete or, in fact, any written employment agreement [CR 1137, 1182-83], Enterprising sought to indirectly prohibit competition by suing the Sprehes for alleged misappropriation and theft of trade secrets [CR 13, 16]. Although Enterprising plead its claims broadly, it ultimately admitted that its trade secret claims were limited to: (1) Angelica's knowledge of the identity, telephone numbers and possibly email address of some of the decision-makers for some of its customers, and (2) Angelica's knowledge regarding the amount charged for each wheel repair and the amount of the rebate given to certain customers at the end of the month if they maintained a certain volume of business. [CR 1153].

Despite the enactment of the Texas Uniform Trade Secrets Act, TEX. CIV. PRAC. & REM. CODE 134A.001, *et. seq*. ("TUTSA") in 2013, Enterprising chose to file suit against the Sprehes for theft of trade secrets under the Texas Theft

Liability Act ("TTLA"), hoping to avail itself of the TTLA's mandatory prevailing party attorneys' fee provision. [CR 16].

On August 20, 2014, the trial court ordered the Sprehes to deliver "files related in any way to Plaintiff, Plaintiff's confidential information and trade secrets, and the wheel repair business." [CR 66-68]. Inspection of the devices was ordered to be performed by Plaintiff's expert, Protegga LLC ("Protegga"). [CR 308-11]. Although Protegga received a number of electronic devices from the Sprehes in January of 2015, it did not prepare its preliminary report until July 2015 and did not prepare its final report until November 2015, at least in part due to non-payment by Enterprising for its work. [RR Vol. 9, pp. 165-167].[1]

Enterprising did not serve any written discovery other than requests for disclosures until October 12, 2015, almost fifteen months after the lawsuit was filed. [CR 965-66]. Enterprising did not move to compel production of the documents it requested or seek to obtain additional information from the Sprehes' electronic devices until June 9, 2016 [CR965], almost seven months after responses to its document requests were served [CR 965-67], and almost fifteen months after Protegga had obtained images of the electronic devices at issue. [RR Vol. 9, pp. 30-31, 165-167]. Enterprising's motion to compel was filed eleven

---

[1] RR Vol. 9 is not sequentially numbered in the same manner as other volumes of the Reporter's Record. As such, the page numbers for RR Vol. 9 herein refer to the PDF page numbers, as if the RR Vol. 9 had been sequentially numbered.

months after Protegga's initial report in July 2015. [RR Vol. 9, pp. 102-103, 200-212].

On July 20, 2016, the trial court granted Enterprising's motion to compel documents and authorized Protegga to search images of the Sprehes' electronic devices for certain categories of documents [CR 1122]. In response to the trial court's order, the Sprehes produced approximately 9,000 pages of invoices and payment receipts responsive to Enterprising's document requests. [RR Vols. 10-13]. Enterprising did not request, and the trial court did not order the Sprehes to produce, QuickBooks reports. [RR Vol. 5, pp. 26-27]. On August 31, 2016, Protegga's representative confirmed that Enterprising had not requested that Protegga perform the analysis authorized by the trial court. [RR Vol. 9, p. 65].

Over the course of twenty-one months, the trial court granted Enterprising three separate continuances with respect to the Sprehes' motion for summary judgment. The Sprehes first moved for summary judgment on November 20, 2014 [CR 176] and attempted to have the matter heard on heard on January 2, 2015. [CR 289]. The trial court granted Enterprising a continuance [CR 289]. The Sprehes again set their motion for summary Judgment for hearing eight months later, on August 18, 2015. [CR 416]. Enterprising filed a second motion for continuance [CR 326], which the trial court granted. [CR 416]. On October 12, 2015, the trial court entered a scheduling order setting a discovery cut-off of

November 18, 2015, and a dispositive motion deadline of February 15, 2016. [CR 417]. Following expiration of the November 15, 2015, discovery cut-off, the Sprehes again sought to have their motion for summary judgment heard on December 17, 2015, over fourteen months after it was originally filed. [RR, Vol. 4, p. 4]. Enterprising sought a third continuance [CR 422], which the trial court granted [CR 795].

On February 3, 2016, the Court entered a new Agreed Scheduling Order setting a discovery cut-off of September 12, 2016, and a dispositive motions deadline of September 30, 2016. [CR 805-809]. The Agreed Scheduling Order set the case for trial on October 31, 2016. [CR 805]. Following expiration of this second discovery deadline, the Sprehes timely filed an Amended Motion for Summary Judgment (seeking summary judgment on both traditional and no-evidence grounds) [CR 1135], which they set for hearing on September 29, 2016. [RR. Vol. 7, p. 4-5]. On September 22, 2016, Enterprising filed a fourth motion for continuance of the summary judgment hearing [CR 1530], but it did set that motion for hearing. [RR. Vol. 7, p. 4-5]. Enterprising failed to verify its motion for continuance and, as a result, did not present the requisite sworn testimony necessary to support a request for a continuance. [CR 1560]. The trial court denied Enterprising's request for a continuance [RR Vol. 7, p. 47] and granted the Sprehes' Amended Motion for Summary Judgment [CR 1741, 1758].

The case was called for a bench trial on November 2, 2016. [RR Vol. 8, p. 1]. The only remaining cause of action was the Sprehes' claim for attorneys' fees as the prevailing party on Enterprising's claim under the Texas Theft Liability Act [CR 1748]. The Sprehes presented testimony from their expert witness, Eric Haas. [RR, Vol. 8, p. 25]. Mr. Haas testified regarding his qualifications to render an expert opinion on the amount, reasonableness, and necessity of the attorneys' fees incurred by the Sprehes in defending against Enterprising's TTLA claim. [RR, Vol. 8, pp. 27-29]. Mr. Haas testified that he was familiar with rates charged by attorneys in the geographic region for performing similar services. [RR, Vol. 8, pp. 29-30]. Mr. Haas also testified that he had reviewed the standards that the Texas Supreme Court has articulated for evaluation of the reasonableness and necessity of attorneys' fees. [RR, Vol. 8, pp. 29-30].

Mr. Haas testified that he reviewed the pleadings and other filings in the litigation and that he was familiar with the activities performed by attorneys in the matter because he was also an attorney of record in the matter. [RR, Vol. 8, pp. 31-32]. Mr. Haas also testified that he had reviewed the tasks performed by prior attorneys who represented the Sprehes in this matter. [RR, Vol. 8, pp. 31-32]. Mr. Haas testified that he had reviewed the invoices outlining the tasks performed by the attorneys working on matter and that he was familiar with the qualifications and experience of the attorneys' performing the tasks. [RR, Vol. 8, pp. 31-33].

10

Mr. Haas testified that he reviewed the hourly rates charged for each attorneys' work and that, in his opinion such hourly rates were reasonable and appropriate, considering the factors articulated by the Texas Supreme Court. [RR, Vol. 8, pp. 33-41]. Mr. Haas also testified that the services performed by each attorney were appropriate for their skill level. [RR, Vol. 8, p. 41].

Mr. Haas testified that he evaluated the total number of hours expended by all attorneys' in the litigation and all expenses incurred by the Sprehes. [RR, Vol. 8, pp. 42-43]. Mr. Haas testified that the Sprehes had not actually been charged for all hours expended by all attorneys' in the matter due to certain amounts being written off by the Sprehes' attorneys. [RR, Vol. 8, p. 43]. Mr. Haas testified that the total amount of attorneys' fees charged by the Gardner Haas PLLC law firm was $112,335 and that the total amount that the Sprehes' prior counsel billed to the Sprehes was $30,399.70. [RR, Vol. 8, p. 44]. Mr. Haas testified that the Sprehes incurred $8,699.66 in litigation expenses. [RR, Vol. 8, at 44-46].

Mr. Haas also testified as to the portion of the Sprehes' attorneys' fees that were reasonably incurred in connection with defending against Enterprising's TTLA claim. [RR, Vol. 8, at 47-50]. Mr. Haas testified regarding the methodology he employed to form his opinion. [RR, Vol. 8, at 47-50]. He testified that, in accordance with Texas law, he took the total fees incurred and, based on his review of the tasks performed, determined that at least eighty percent

11

(80%) of the total attorneys' fees incurred advanced the defense of Enterprising's TTLA claim. [RR, Vol. 8, pp. 47-50]. Mr. Haas testified that in order to properly defend Enterprising's TTLA claim, the Sprehes' attorneys were required to perform tasks such as: (1) ascertaining what the alleged trade secrets at issue were; (2) evaluating how the trade secrets were allegedly obtained, (3) determining whether the alleged trade secrets actually constituted trade secrets: (4) investigating whether, if they actually constituted trade secrets, the trade secrets were appropriately held or maintained; and (5) evaluating whether Enterprising incurred any damages from the alleged theft of such trade secrets. [RR, Vol. 8, pp. 47-50]. Applying the above methodology, Mr. Haas testified that, in his opinion, $114,000 in attorneys' fees were reasonably and necessarily incurred by the Sprehes to advance the defense of Enterprising's TTLA claim. [RR, Vol. 8, p. 48].

Following the trial, the trial court awarded the Sprehes reasonable and necessary attorneys' fees in the amount of $89,844 [CR 1758-59].

## SUMMARY OF THE ARGUMENT

The judgment entered by the trial court should be affirmed because the trial court did not abuse its discretion in denying Enterprising's fourth request for a continuance and ruling on the Sprehes' motion for summary judgment. After over two years of litigation, Enterprising failed to show that it possessed any protectable

12

trade secrets. Instead, Enterprising sought continuance after continuance to impose crushing legal expenses on its former employee – with whom it had no non-competition agreement – for having the audacity to open her own business. After granting Enterprising three continuances over a twenty-one month period, the trial court did not abuse its discretion in denying yet another continuance.

First, Enterprising's fourth request for a continuance was defective because it did not include a proper verification and was not supported by a proper affidavit as required by TEX. R. CIV. P. 166a(g) and 251. [CR 1560], [RR. Vol. 7, p. 4-5]. This Court should therefore presume that the trial court did not abuse its discretion in denying Enterprising's request for a continuance.

Second, even if its motion for continuance had been sworn or supported by a proper affidavit, Enterprising failed to demonstrate that the alleged discovery would have materially affected to the trial court's decision to grant summary judgment. In their Amended Motion for Summary Judgment, the Sprehes argued that Enterprising had no evidence that it (1) derived economic value form its alleged trade secrets [CR 1153] or (2) made reasonable efforts to protect the privacy of its alleged trade secrets. [CR 1154-55]. The Sprehes also presented evidence that Enterprising's customer contact and pricing information did not constitute trade secrets. [CR 1144, 1154-55, 1159]. Enterprising did not respond to these summary judgment arguments, and it cannot now claim that it needed the

alleged discovery to do so, as information regarding its alleged trade secrets would have already been in Enterprising's possession. In any event, the alleged discovery was actually produced. [RR Vols. 10-13].

Third, even if it could demonstrate that the alleged discovery was material and had not been produced, Enterprising failed to diligently pursue the alleged discovery. Enterprising waited fifteen months to serve its initial discovery requests in October 2015, and only did so on the eve of the initial discovery cut-off after it had already been granted two previous continuances with respect to the Sprehes' motion for summary judgment. Then, after obtaining a third continuance on December 17, 2015 [CR 795], Enterprising waited until June 9, 2016, almost seven months later, to file a motion to compel. [CR 965]. The Sprehes then produced approximately 9,000 pages of invoices and other records showing the amounts paid by their clients. [RR Vols. 10-13]. Enterprising did not move to compel additional documents until it the day its summary judgment response was due, after the second, extended discovery period had ended. [CR 1530, 805].

Moreover, as to alleged discovery deficiencies related to the Sprehes' electronic devices, Enterprising's expert, Protegga, was in possession of those devices for over nineteen months before summary judgment was granted. [RR Vol. 9, pp. 30-31, 165-167]. And on August 31, 2016, Protegga confirmed that Enterprise had not asked it to conduct additional searches of those electronic

14

devices [RR Vol. 9, p. 65 (Tr. at 57)], even though the trial court had granted leave to do so. [CR 1122]. Again, Enterprising waited until the date its summary judgment response was due, after the second, extended discovery period had ended, to seek additional relief related to electronic devices. [CR 1530, 805].

Accordingly, the trial court did not abuse its discretion in denying Enterprising's fourth motion to continue the hearing on the Sprehes' motion for summary judgment. Because the denial of its request for a continuance is the only basis that Enterprising presents to this Court for overturning the trial court's grant of summary judgment, that decision should also be affirmed.

Finally, the trial court properly awarded attorneys' fees to the Sprehes based on their successful defense of Enterprising's TTLA claim. The Sprehes properly segregated their attorneys' fees related to their defense of Enterprising's TTLA claim. The Sprehes' expert, in accordance with Texas law, testified that at least eighty percent (80%) of the Sprehes' legal bills advanced the defense of Enterprising's TTLA claim. That testimony provided ample evidence to support the trial court's determination and award of attorneys' fees.

# **ARGUMENT**

**ARGUMENT REGARDING ISSUE 1:**

**In light of the three previous continuances granted to Enterprising, the substantial delays by Enterprising in pursuing discovery, the defects in Enterprising's fourth motion for continuance, and the fact that the Sprehes produced the documents which they were ordered to produce, the trial court did not abuse its discretion in: (1) denying Enterprising's fourth motion for continuance as to the Sprehes' motion for summary judgment and (2) granting the motion for summary judgment.**

The standard of review for the trial court's denial of Enterprising's fourth motion for continuance is an abuse of discretion. *D.R. Horton-Texas, Ltd. v. Savannah Properties Assocs., L.P.,* 416 S.W.3d 217, 222 (Tex. App.—Fort Worth 2013, no pet.). The test is whether the decision "was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Stierwalt v. FFE Transportation Servs., Inc.,* 499 S.W.3d 181, 188 (Tex. App.—El Paso 2016, no pet.). So long as the trial court's decision was based on appropriate guiding rules and principles, it should not be disturbed on appeal. *See id.* at 189.

The reviewing court should not substitute its own judgment for that of the lower court. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985) ("The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles.").

In this case, the trial court did not abuse its discretion in determining that Enterprising was not entitled to a continuance of the hearing on the Sprehes' Amended Motion for Summary Judgment. First, the Court should presume that the trial court did not abuse its discretion because Enterprising's motion for continuance was not sworn or supported by an affidavit that met the applicable requirements. Second, even if such a presumption is not applied, each of the applicable factors support the trial court's denial of Enterprising's request for a continuance. This case had been on file for over two years, Enterprising failed to demonstrate the materiality of the alleged discovery, and Enterprising failed to show diligence in seeking the alleged discovery. Each of these arguments is addressed in more detail below.

**A. This Court Should Presume The Trial Court Did Not Abuse Its Discretion In Denying A Continuance Because Enterprising's Motion Was Not Verified Or Supported By A Proper Affidavit.**

"When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enter. Prods. Co.,* 925 S.W.2d 640, 647 (Tex. 1996). Such a request "must be supported by an affidavit that describes the evidence sought, explains its materiality, and shows that the party requesting the continuance has used due diligence to timely obtain the evidence." *D.R. Horton-Texas, Ltd.*, 416

17

S.W.3d at 222; *see also* Tᴇx. R. Cɪv. P. 166a(g), 251 and 252. "When a movant fails to include an affidavit in support of its motion, the appellate court presumes the trial court did not abuse its discretion in denying the continuance." *Clark v. Compass Bank*, No. 2-07-050-CV, 2008 Tex. App. LEXIS 3783, at *6 (Tex. App. – Fort Worth May 22, 2008, no pet.); *Ortiz v. Plano Indep. Sch. Dist.*, No. 07-17-00021-CV, 2017 Tex. App. LEXIS 11630, at *4 (Tex. App.—Amarillo Dec. 13, 2017, no pet. h.) ("In *Villegas*, the Texas Supreme Court held that when a motion for continuance is not sworn or supported by a proper affidavit, a reviewing court generally presumes that the trial court did not abuse its discretion in denying the continuance.") (citing *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986)).[2]

---

[2] Other appellate courts have held that a party fails to preserve the denial of a continuance for appeal by not filing a verified motion for continuance that complies with Texas Rule of Civil Procedure 251. *See Grace Interest, LLC v. Wallis State Bank*, 431 S.W.3d 110, 128 n.6 (Tex. App.—Houston [14th Dist.] 2013, pet. denied.) ("We also note that appellants failed to preserve their argument that the time for discovery was inadequate because they did not file a verified motion for continuance in the trial court."); *Taherzadeh v. Ghaleh-Assadi*, 108 S.W.3d 927, 928 (Tex. App.—Dallas 2003, pet. denied) (finding oral motion for continuance presented without affidavit did not preserve claimed abuse of discretion by trial court in denying continuance because rule of civil procedure 251 requires an affidavit and error preservation under appellate rule 33.1(a)(1) requires motion comply with rules of civil procedure); *Ashton Grove L.C. v. Jackson Walker L.L.P.*, 366 S.W.3d 790, 800 (Tex. App.—Dallas 2012, no pet.) (same); *see also Ortiz*, 2017 Tex. App. LEXIS 11630, at *6 n.5 ("It has also been held that failure to support a motion for continuance with an affidavit preserves nothing for appellate review.").

18

Here, the Court should presume that the trial court did not abuse its discretion in denying Enterprising's motion for continuance because the motion was not verified or supported by a proper affidavit in accordance with Texas Rules of Civil Procedure 166a(g), 251 and 252. Enterprising filed an unverified motion for continuance with a blank verification form that no one signed and notarized. [CR 1560].[3] Enterprising failed to submit an affidavit stating why it could not present facts essential to justify its opposition to the Sprehes' motion for summary judgment. TEX. R. CIV. P. 166a, 251, and 252. Because Enterprising failed to verify its motion or submit a proper affidavit that met the requirements of Texas Rules of Civil Procedure 166a(g), 251 and 252, this Court should apply the "general presumption that a trial court does not abuse its discretion by denying a motion for continuance that is unsworn and unsupported by an affidavit." *Ortiz v. Plano Indep. Sch. Dist.*, 2017 Tex. App. LEXIS 11630, at *6; *see also Poonjani v. Kamaluddin*, No. 02-14-00193-CV, 2015 Tex. App. LEXIS 5717, at *4 (Tex. App. – Fort Worth June 4, 2015, no pet.) (mem. op.) ("Applying rule 251, we have consistently held that a trial court does not abuse its discretion by denying an oral, unsworn motion for continuance.") (collecting cases).

---

[3] Although Enterprising did attach an affidavit from its expert at Protegga to its request for a continuance, that affidavit did not explain the materiality of any evidence or explain Enterprising's lack of diligence in obtaining any discovery. As such, the Protegga affidavit does not meet the requirements of TEX. R. CIV. P. 166a, 251, and 252.

19

**B. The Trial Court Did Not Abuse Its Discretion In Denying Enterprising's Request.**

Even when a movant includes a proper affidavit or verification in support of a motion for a continuance, a denial of the motion "will be reversed only if the trial court acted without regard to guiding principles or was arbitrary or unreasonable." *Clark*, 2008 Tex. App. LEXIS 3783, at *5. In determining a motion for continuance, a court should evaluate the following factors: (1) the length of time the case has been on file: (2) the materiality and purpose of the discovery sought, and (3) whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *D.R. Horton-Texas, Ltd.*, 416 S.W.3d at 223. For the reasons discussed below, each of these factors weigh against Enterprising's request to continue the hearing on the Sprehe's motion for summary judgment.

**1. The Length Of Time This Case Was On File Supports The Trial Court's Denial Of Another Continuance.**

The trial court properly concluded that after over two years of litigation, Enterprising had ample opportunity to respond to the Sprehes' motion for summary judgment. Indeed, many courts have held that shorter periods of time were more than sufficient to justify denying a motion for continuance. *See, e.g., Allen v. United of Omaha Life Ins. Co.*, 236 S.W.3d 315, 325–26 (Tex. App.—Fort Worth 2007, pet. denied) (finding no abuse of discretion where case was on file 14 months before summary judgment motion was filed); *Sevier Enters., Inc. v. Euclid*

*Chem. Co.*, No. 02–13–00452–CV, 2014 WL 5791559, at \*3-6 (Tex. App.—Fort Worth Nov. 6, 2014, no pet.) (mem. op.) (finding no abuse of discretion where case was on file 19 months before plaintiff filed its motion for continuance of summary judgment hearing); *Idniarti v. Bell Helicopter Textron, Inc.,* No. 02–12–00045–CV, 2013 WL 1908291, at \*3-4 (Tex. App.—Fort Worth May 9, 2013, pet. denied) (mem. op.) (finding no abuse where case had been pending for over two years when summary judgment motion was filed).

Clearly this factor weighs in favor of the Spehes. In fact, Enterprising concedes that this case had been on file for "some time." *See* Appellant's Opening Brief at 13. Rather than focus on its own diligence, however, Enterprising instead focuses on alleged delays on the Sprehes' part in responding to discovery requests. Just as with the trial court, Enterprising does not even acknowledge, must less explain, its own lack of diligence. The fact that this case had been on file for over two years provided ample support for the trial court's denial of Enterprising's motion for another continuance of the summary judgment hearing.

## 2. Enterprising Did Not Establish The Materiality Of The Evidence Sought.

To satisfy its burden under Rule 166a(g), Enterprising was required to submit an "affidavit that describes the evidence sought, explains its materiality, and shows that the party requesting the continuance has used due diligence to timely obtain the evidence." *D.R. Horton-Texas, Ltd.*, 416 S.W.3d at 222.

21

As noted above, Enterprising could not meet its burden to the trial court on this issue because it failed to submit a verified motion or affidavit explaining such materiality. Even if the trial court had accepted Enterprising's unverified motion for continuance, however, Enterprising failed to explain how the documents it sought were material in light of the issues raised by the Sprehes' Amended Motion for Summary Judgment.

Although the Sprehes had produced ample evidence to support their claim that they were not in possession of, or using, Enterprising's alleged trade secrets, they also directed the court to a lack of evidence on a host of elements which involved information that Enterprising should have had in its possession before even filing suit in this matter. For instance, the Sprehes showed that Enterprising had no evidence that it (1) derived economic value form its alleged trade secrets [CR 1153] or (2) made reasonable efforts to protect the privacy of its alleged trade secrets. [CR 1154-55]. Enterprising could have easily presented such evidence if it in fact existed. It did not need discovery from the Sprehes to do so.

The Sprehes also presented evidence that established Enterprising's customer contact information did not constitute a trade secret because: (1) the information related to a very small number of individuals (nine customers) with whom Angelica interacted on a daily basis and was, therefore, within her personal knowledge and, (2) perhaps more importantly, the individuals' names and emails

22

were readily ascertainable – all one had to do to find out who made purchasing decisions for the customer was call that customer and ask. [CR 1154-55]. As with issues related to economic value and efforts to maintain privacy of alleged trade secrets, each of these elements of Enterprising's claim could have been satisfied by presenting information already within Enterprising's possession and control if it existed. Enterprising, however, did not present any evidence refuting the Sprehes' summary judgment evidence.

Finally, the Sprehes presented evidence that established Enterprising's pricing information did not constitute a trade secrets since its pricing and rebates were solely based on customer requests and the "market price" [CR 1144], and could be readily ascertained from the customers themselves, with whom Enterprising had no confidentiality agreements [CR 1159]. Because the unrebutted evidence, including the testimony and admissions of Enterprising's own corporate representative, established that Enterprising did not actually have any legitimate trade secrets, Enterprising cannot show that alleged discovery sought from the Sprehes was material to the trial court's ruling on the Sprehes' Amended Motion for Summary Judgment.

Perhaps equally fatal to Enterprising's argument is the fact that the Sprehes did produce documents containing the information that Enterprising now claims it needed to respond to the Sprehes' Amended Motion for Summary Judgment. On

July 20, 2016, the trial court granted Enterprising's motion to compel documents [CR 1122], and the Sprehes produced approximately 9,000 pages of invoices and other records responsive to Enterprising's document requests.[4] [RR Vols. pp. 10-13]. Enterprising fails to acknowledge the Sprehes' production of invoices and payment records in its opening brief and fails to explain to the why it needed additional discovery would have materially affected the court's decision to grant the Sprehe's motion for summary judgment.

Based on the above, it is clear that the trial court would not have abused its discretion by determining that this factor weighed against Enterprising's request for a continuance.

### 3. Enterprising Did Not Establish Diligence In Pursuing Discovery.

A litigant who fails to diligently use the rules of civil procedure for discovery purposes is not entitled to a continuance. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988); *Clark*, 2008 Tex. App. LEXIS 3783, at *6 (same). The trial court may "consider whether the party seeking the continuance

---

[4] In Appellant's Brief, Enterprising asserts that a "scan of the Sprehes' computers and electronic devices indicate that they Sprehes use the program QuickBooks and they they have QuickBooks data regarding rebates, discounts, credits/offsets, and other payments related to price per wheel." Appellants Brief at 9. Enterprising did not request, and the trial court did not order the Sprehes to produce, QuickBooks reports. [RR Vol. 5, pp. 26-27]. Moreover, Enterprising fails to explain how such data is different from the information contained in the invoices and payment records that the Sprehes produced to Enterprising. [RR Vols. 10-13].

has given an explanation for its failure to obtain the testimony and whether the testimony cannot be procured from another source." *Stierwalt v. FFE Transportation Servs., Inc.,* 499 S.W.3d 181, 189 (Tex. App.—El Paso 2016, no pet); *see also Dozier v. AMR Corp.*, No. 02–09–186–CV, 2010 WL 3075633, at *2-3 (Tex. App.—Fort Worth Aug. 5, 2010, no pet.) (mem. op.) (motion for continuance of summary judgment hearing based on needed evidence must be supported by affidavit stating with particularity what diligence the moving party used to obtain that evidence, and therefore conclusory allegations are not sufficient). It is not enough to point to what evidence a party thinks it needs, a party also bears the burden of explaining why it was not obtained earlier in order to avoid the need for a continuance. *See Stierwalt* 499 S.W.3d at 192.

Enterprising failed to demonstrate diligence in pursuit of discovery in this matter as evidenced by significant gaps of time between discovery activity and by Enterprising not following through on the relief finally given to it regarding the Sprehes' electronic devices. As to discovery delays, Enterprising waited fifteen months after filing its lawsuit to serve any written discovery and only did so after it had been granted two previous continuances of the Sprehes' motion for summary judgment. Enterprising's discovery requests were dated October 12, 2015, and were clearly only served then to comply with the trial court's original November 18, 2015, discovery cut-off. [CR 417]. Even after obtaining a third continuance

25

on December 17, 2015, [CR 795], Enterprising waited until June 9, 2016, almost seven months later, to file a motion to compel, [CR 965]. Following that hearing, the Sprehes produced approximately 9,000 pages of invoices and payment credits. [RR Vols. 10-13]. Enterprising did not move to compel additional documents until the date its summary judgment response was due and after the second, extended discovery period had ended. [CR 1530, 805].

As to alleged discovery deficiencies related to the Sprehes' electronic devices, Enterprising's expert, Protegga was in possession of those devices for over nineteen months before summary judgment was granted. Enterprising waited until June 9, 2016, to seek additional searches of the electronic devices. Although the trial court then authorized Protegga to search images of the Sprehes' electronic devices for certain categories of documents [CR 1122], as of August 31, 2016, Enterprise had not requested that Protegga do so. [RR Vol. 9, p. 57]. Again, Enterprising waited until the date its summary judgment response was due and after the second, extended discovery period had ended to seek relief related to electronic devices. [CR 1530, 805].

Despite Enterprising's clear lack of diligence, the trial court granted three previous motions for continuances of the Sprehe's motion for summary judgment. In addition, the Court set two different discovery cut-off dates. Following expiration of the second discovery cut-off, the trial court concluded that

Enterprising had been afforded more than sufficient time to conduct discovery and prove its claims.

Based on this record, there is ample support for the trial court denying Enterprising a fourth continuance. The trial court certainly did not abuse its discretion in making its decision. The Sprehes' respectfully request that this court affirm that decision.

**ARGUMENT REGARDING ISSUE2:**

**The trial court properly awarded attorneys' fees to the Sprehes based on their successful defense of Enterprising's Texas Theft Liability Act claim. The Sprehes properly segregated their attorneys' fees in accordance with Texas Supreme Court precedent. As such, there was sufficient evidence to support the trial court's award of attorneys' fees to the Sprehes.**

The award of fees to a prevailing party in a Texas Theft Liability Act ("TTLA") action is mandatory. *Moak v. Huff,* No. 04-11-00184-CV, 2012 WL 566140, at *10 (Tex. App.—San Antonio Feb. 15, 2012, no pet.) (mem. op.) (citing *Peoples v. Genco Fed. Credit Union*, No. 10–09–00032–CV, 2010 WL 1797266, at *7 (Tex. App.—Waco May 5, 2010, no pet.) (mem. op.)). A defendant who successfully defends a TTLA suit is entitled to recover his fees. *Moak*, 2012 WL 566140 at *10.

Enterprising admits that it filed a claim under the TTLA. *See* Appellant's Opening Brief at 15, [CR16]. Enterprising also admits that the TTLA provides for recovery of attorneys' fees. *See id.* According to Enterprising, however, the

27

Sprehes did not segregate the attorneys' fees they incurred in connection with the defense of Enterprising's TTLA claim from those that it incurred in defending against Enterprising's other claims. Enterprising is incorrect.

As the Texas Supreme Court explained in the seminal case on this issue, "fee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). This does not mean, however, that fees that advance or relate to both recoverable and unrecoverable claims should not be awarded. On the contrary, "[a] recognized exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their "prosecution or defense entails proof or denial of essentially the same facts." *Id*. As the Supreme Court recognized, "many if not most legal fees in such cases cannot and need not be precisely allocated to one claim or the other." *Id*. at 313.

The Texas Supreme Court has also noted that many litigation tasks such as "requests for standard disclosures, proof of background facts, depositions of the primary actors, discovery motions and hearings, *voir dire* of the jury, and a host of other services may be necessary whether a claim is filed alone or with others." *See id*. "To the extent such services would have been incurred on a recoverable claim alone, they are not disallowed simply because they do double service." *Id*. Thus,

the Supreme Court clearly held that only "if any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must . . . segregate recoverable from unrecoverable fees." *See id.* In other words, "when legal services advance both a recoverable and unrecoverable claim . . . they are so intertwined that they need not be segregated." *See id.* at 313-14.

The Texas Supreme Court cautioned that "[t]his standard does not require more precise proof for attorney's fees than for any other claims or expenses." *See id.* at 314. A litigant is not required to "keep separate time records" regarding the work performed for each claim. *See id.* Under the facts of the case in *Chapa,* the Court noted that "an opinion would have sufficed stating that, for example, 95 percent of their drafting time would have been necessary even if there had been no [non-recoverable] claim." *Id.* Applying that standard, this Court has approved fee awards based on an expert's opinion that seventy-five percent of the total attorneys' fees were spent advancing both recoverable and non-recoverable claims. *See, e.g., Ropa Expl. Corp. v. Barash Energy, Ltd*., No. 02-11-00258-CV, 2013 WL 2631164, at \*12 (Tex. App. – Forth Worth June 13, 2013, pet. denied) ("Ropa argues that the attorney's fee testimony was conclusory as to the seventy-five percent segregation estimate because the billing records were not in evidence and because only one of the nine asserted causes of action is a claim for which attorney's fees are recoverable. We disagree for two reasons.").

In this case, the Sprehes' expert witness, Eric Haas applied this exact methodology in forming his opinions as to the proportion of attorneys' fees that were reasonably incurred by the Sprehes in defending against Enterprising's TTLA claims. He testified that, in accordance with Texas law, he took the total fees incurred and determined that at least eighty percent (80%) of the total attorneys' fees incurred advanced the defense of Enterprising's TTLA claim. [RR, Vol. 8, at 47-50]. Mr. Haas testified that in order to properly defend Enterprising's TTLA claim, the Sprehes' attorneys were required to perform tasks such as: (1) ascertaining what the alleged trade secrets at issue were; (2) evaluating how the trade secrets were allegedly obtained, (3) determining whether the alleged trade secrets actually constituted trade secrets: (4) investigating whether, if they actually constituted trade secrets, the trade secrets were appropriately held or maintained; and (5) evaluating whether Enterprising incurred any damages from the alleged theft of such trade secrets. [RR, Vol. 8, pp. 47-50]. As noted above, the fact that litigation tasks associated with these issues also advanced non-recoverable claims did not render then non-recoverable.

Trade secrets were central to this litigation. Enterprising based almost every claim at least in part on the Sprehes' alleged use of its trade secrets. For instance, in Count One, Breach of Contract, Enterprising plead that Angelica's actions constituted a breach of her employment agreement because she "was never

permitted or authorized to utilize, disclose, transmit, convey, sell or use the Plaintiff's trade secrets outside of the Plaintiff's business operations." [CR 12]. For Count Two, Fraud, Enterprising plead that "[w]hile receiving the confidential and trade secret information described above, Defendant, Angelica Sprehe, was planning and executing a deception to receive such information under the guise and pretense of working for the Plaintiff." [CR 13]. For Count Three, Enterprising directly plead a claim for common law misappropriation of trade secrets. [CR 13]. For Count Four, Aiding and Abetting, Enterprising plead that defendants other than Angelica were responsible for this derivative tort relating their trade secrets. [CR 14]. For Count Five, Breach of Fiduciary Duty, Enterprising plead that Angelica breached such duties by "among other things, misappropriating and transferring essential business trade secrets." [CR 15].

In light of the above, there is ample evidence to support Mr. Haas's testimony that eighty percent of the Sprehes' attorneys' fees were incurred in defending against Enterprising's claims related to trade secrets. Enterprising's argument that a single paragraph in the Sprehes' motion for summary judgment was devoted to defeating Enterprising's TTLA claim is disingenuous at best. Enterprising consciously chose to file its claim under the TTLA in order to avail itself of that statute's mandatory fee-shifting provision. Enterprising could have relied exclusively on a common-law misappropriation claim but, instead, chose to

31

pursue a claim against the Sprehes with the threat of attorneys' fees if it prevailed. Only after having lost its TTLA claim does Enterprising now suggest that it never should have brought the claim in the first place. The Sprehes did not simply rely on a single paragraph in a summary judgment motion to prevail on Enterprising's TTLA claim, and there is no indication that one argument or another was ultimately dispositive of Enterprising's TTLA claim on summary judgment. The Sprehes had to fully defend themselves and raise all defenses related to Enterprising's TTLA claim, and the trial court could have granted summary judgment on Enterprising TTLA's claim on any of the grounds raised in the Sprehes' motion for summary judgment, including based on the evidence refuting the existence of any legitimate trade secret. Under these circumstances, a fee award for the full cost of those efforts was warranted. The trial court agreed and made its fee award. The Sprehes respectfully contend that there is ample evidence in the record to support that award and request that the trial court be affirmed.

## CONCLUSION

For the foregoing reasons, the Sprehes ask that this court affirm the trial court in all respects.

December 20, 2017

Respectfully submitted,

**GARDNER HAAS PLLC**

By: /s/Eric P. Haas
Michael S. Gardner
State Bar No. 24002122
mg@gardnerhaas.com
Eric P. Haas
State Bar No. 24050704
eh@gardnerhaas.com
Jeremy R. Wilson, Of Counsel
State Bar No. 24037722
jw@gardnerhaas.com


2828 Routh St., Ste. 660
Dallas, Texas 75201
Telephone: (214) 335-8333

**ATTORNEYS FOR APPELLEES
ANGELICA SPREHE, RYAN SPREHE,
AND ARS WHEEL REPAIR, INC.**


## CERTIFICATE OF COMPLIANCE

I certify that, according to my word processor's word-count function, in the sections of this brief covered by TRAP 9.4(i)(1), there are 6,682 words.

/s/Eric P. Haas
Eric P. Haas

## CERTIFICATE OF SERVICE

This is to certify that I served a copy of this document via the e-filing portal on the following counsel for Appellant Enterprising Gals of Texas, L.L.C.:

Jeffrey S. Lynch, Esq.
The Lynch Law Firm
5626 Preston Oaks Rd.,
18D Dallas, Texas 75254
lynch@lynchlawfirm.net

Chad M. Ruback, Esq.
The Ruback Law Firm
8117 Preston Road, Suite 300
Dallas, Texas 75225
chad@appeal.pro

/s/Eric P. Haas
Eric P. Haas