COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| THE ESTATE OF | § | No. 08-21-00151-CV |
| JOSEPH ABRAHAM, SR., | § | Appeal from the |
| DECEASED. | § | Probate Court No. 1 |
| | § | of El Paso County, Texas |
| | § | (TC# 98-P00876) |

**O P I N I O N**

This appeal arises out of the trial court's grant of summary judgment for the estate of Joseph Abraham, Sr. (Joseph Sr.). Appellant William "Billy" Abraham (William) filed suit in 2013 to enforce a promissory note and to foreclose a deed of trust on a property that he sold to Joseph Sr. in 1994. The Estate filed a motion for traditional summary judgment, arguing that the statute of limitations to file suit had expired by the time William filed his lawsuit, and alternatively that William had waived his claim by delaying the filing of suit. The trial court granted the Estate's motion for summary judgment and rendered a take nothing judgment against William. For the following reasons, we affirm the trial court's judgment.

# I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Joseph Sr. is William's paternal grandfather. Joseph Sr. died in 1998 without a living spouse. In his will, Joseph Sr. named his son, Edward Abraham, as executor of his estate (the Estate). According to Ronald Malooly, the dependent administrator of the Estate, Edward acted as executor for almost fourteen years but never wound up the Estate. Edward passed away in 2012, and William's father, Joseph "Sib" Abraham, succeeded Edward as independent administrator. Sib also did not wind up the Estate, and when he passed away in 2014, administration transferred to Haifa Malooly. After Haifa passed away, Malooly was appointed administrator of the Estate in 2015. Malooly filed an inventory, appraisement, and list of claims on March 1, 2016, which listed real-estate property located at 200-204 San Antonio Avenue in El Paso, Texas (the San Antonio Property) as an asset of the Estate. The filing did not indicate any debts, liens, or payments owed by Joseph Sr. to William.

But William had sued the Estate on November 22, 2013, seeking judicial foreclosure and sale of the San Antonio Property, the enforcement of a promissory note, and a deficiency judgment against the Estate. In his petition, William alleged that on December 16, 1994, he sold Joseph Sr. the San Antonio Property. In support, William attached a promissory note and a deed of trust to secure payments on the note, which were signed by William and Joseph Sr. and provided for an original principal sum of $501,500.00 at 9.7% interest and monthly payments of $5,297.48. The note was to mature in fifteen years if it was paid only by monthly installments. William acknowledged that "certain credits were allowed of $450,871.00," as shown by a "Receipt and

---

[1] This is the latest appeal in a series of cases stemming from the administration of the Estate. *See Matter of Estate of Abraham*, No. 08-19-00231-CV, 2020 WL 4034985 (Tex.App.--El Paso July 17, 2020, no pet.) (mem.op.); *Matter of Estate of Abraham*, 583 S.W.3d 890 (Tex.App.--El Paso 2019, pet. denied); *Matter of Estate of Abraham*, 583 S.W.3d 374 (Tex.App.--El Paso 2019, pet. denied). In the interest of brevity, we recount only the facts pertinent to the resolution of the limited issues raised here.

Acknowledgment of Payments" dated January 4, 1996, which William attached to his subsequently filed motion for summary judgment. Nonetheless, William alleged that $50,629.00 of the original amount on the note had not been paid. William claimed that he filed suit before the expiration of the statute of limitations, but "he did not file the suit sooner than he did because he placed complete confidence and trust in Defendant and the Defendant repeatedly told [William] not to sue [Joseph Sr.'s] 'brother,'" Edward. William also claimed that Edward "influenced him not to file suit by representing to him that they would work it out."

William subsequently filed a traditional motion for summary judgment, seeking an award of $1,511,701.28 for the amount due on the note as of June 2015. He supported the motion with his own affidavit, a "Wraparound Promissory Note" dated December 16, 1994, a "Wraparound Deed of Trust" with the same date, a warranty deed with vendor's lien that transferred title in the San Antonio Property from William to Joseph Sr. Also included was an amortization table with William's calculations that the $50,629.00 "past-due" balance with 18% interest compounded annually, now totaled $1,511,701.28.

The Estate's response to William's summary judgment motion challenged the authenticity of the note, and as relevant here, also asserted a statute of limitations defense. As for that limitations defense, the response claims that it was undisputed that the last payment on the note was made on December 29, 1995, meaning that seventeen years and eleven months passed between the last payment and the filing of William's lawsuit. A suit to recover real property under a lien or foreclosure must be filed within four years from when "the cause of action accrues." Tex.Civ.Prac.& Rem.Code Ann § 16.035(a). And the Estate argued that the cause of action accrued in January 1996. The Estate supported that proposition with William's amortization table attached to his summary-judgment motion, which showed that interest on the note began accruing

3

at 18% per year in 1996. Under the note, the interest rate would escalate to 18% if the note was in default. The higher interest rate thus showed the note matured in January 1996 and not 2009 as William's lawsuit alleged. Finally, the Estate argued that the doctrine of laches barred William's claims because he unreasonably delayed the filing of his lawsuit to the Estate's financial detriment.

The Estate also filed its own traditional motion for summary judgment, arguing that William's claims were barred by the statute of limitations for essentially the same reasons above, and alternatively through William's waiver due to the "long delay" in filing suit. As a part of timeline for its delay argument, the Estate argued that William filed for bankruptcy in 2018 and did not list the property or debt from Joseph, Sr. on any of the bankruptcy schedules. William filed a response to the Estate's motion that contained his supporting affidavit, which the trial court excluded in large measure because it contained inadmissible hearsay.

The trial court granted the Estate's motion for summary judgment. This appeal follows. William challenges the grant of summary judgment in five issues, arguing that the trial court erred by: (1) granting the Estate's hearsay objection to William's affidavit; (2) impliedly holding that William's claims were barred by the statute of limitations; and (3) granting relief beyond the scope of the Estate's summary judgment motion; (4) accepting the Estate's arguments on tolling; and (5) accepting the Estate's argument that William waived his claims.

## II.  HEARSAY IN AFFIDAVIT

In Issue One, William argues that the trial court abused its discretion by excluding his affidavit as attached to his response to the Estate's summary-judgment motion. That affidavit attempts to explain the note and amortization table. The Estate objected to the affidavit as hearsay by containing his comments about the table and referring to statements in a letter from Robert Skipworth, William's previous attorney. William did not respond to the Estate's hearsay objection.

4

The trial court subsequently emailed the parties stating that it had sustained the Estate's objections "regarding hearsay in [William's] affidavit and hearsay with reference to a letter from Mr. Skipworth." The record shows that William did not object to the trial court's ruling or otherwise attempt to explain why the affidavit was admissible.

On appeal, William argues that the trial court erred by excluding his affidavit. Before addressing this contention, we first determine whether William properly preserved his complaint for appellate review. *See Tex. Comm'n on Env't Quality v. Barua*, 632 S.W.3d 726, 731 (Tex.App.- -El Paso 2021, pet. denied) (error preservation is a threshold issue). We review evidentiary rulings in connection with a summary judgment motion under the abuse of discretion standard. *See Starwood Mgmt. LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017) (per curiam). And our review of that discretion turns on whether the trial court acted "without reference to any guiding rules and principles." *Id. quoting Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). But because William did not respond to the Estate's objection to his affidavit—that is, he did not address the specific hearsay objections below to the trial court—we cannot test the trial court's exercise of discretion over those specific rulings. As this Court has stated:

> A basic tenet of appellate procedure is that appellate courts do not generally consider complaints not raised in the trial court. *See* TEX.R.APP.P. 33.1(a)(1). Therefore, to preserve error from a ruling that excludes evidence, the complaining party must inform the trial court of the purpose for which the evidence is offered and the reasons why the evidence is admissible. When the record is silent as to what position the complaining party took at trial, it is impossible for a reviewing court to determine whether the trial court abused its discretion by excluding evidence.
>
> Summary judgment procedure incorporates the tenet that a complaint must first be presented to the trial court: "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX.R.CIV.P. 166a(c). Accordingly, to preserve complaints regarding the exclusion of summary judgment evidence, the proponent must inform

5

> the trial court of the purposes for which the evidence was offered and the reasons why it was admissible.

*Gilbert v. Kalman*, 650 S.W.3d 135, 143 (Tex.App.--El Paso 2021, no pet.), *quoting Cmty. Initiatives, Inc. v. Chase Bank of Tex.*, 153 S.W.3d 270, 281 (Tex.App.--El Paso 2004, no pet.). Because William did not object to the trial court's ruling or otherwise argue why the affidavit was admissible in the face of the Estate's hearsay objection, he has not preserved this issue for our review. *See id.* (holding that a party who failed to file a response a motion to strike summary-judgment evidence containing hearsay failed to preserve their appellate complaint that the trial court abused its discretion by excluding the evidence); *Cmty. Initiatives, Inc.*, 153 S.W.3d at 281 (same).

William's Issue One is overruled.

## III.  SUMMARY JUDGMENT

In Issues Two through Five, William argues that the trial court erred by granting the Estate's motion for summary judgment, disagreeing with the assertions that: (1) the statute of limitations on William's causes of action had run by the time he filed suit; and (2) William had waived his claim through the long delay in filing his claim. Because the trial court did not state on which ground it granted the summary judgment, William carries the burden to negate both possible grounds.

### A.  Standard of Review

We review a trial court's order granting summary judgment de novo. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). When a party with the burden of proof moves for traditional summary judgment, that party "bears the burden to conclusively establish that it is entitled to judgment as a matter of law, notwithstanding the nonmovant's

response or lack thereof." *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 258-59 (Tex. 2020), *citing* TEX.R.CIV.P. 166a(c). A matter is conclusively established when "reasonable people could not differ in their conclusions . . . . " *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005); *see also Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982) (a matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence). We review the evidence in the light most favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts against the motion. *City of Keller*, 168 S.W.3d at 824; *see also Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

## B. Statute of Limitations

### 1. Applicable Law

We first consider whether the Estate met its burden of proof as the movant for summary judgment based on its statute of limitations defense. To establish the defense, the movant "must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pled or otherwise raised." *Holland v. Thompson*, 338 S.W.3d 586, 593 (Tex.App.--El Paso 2010, pet. denied). Once the movant meets its burden, the non-movant has the burden to present evidence raising a genuine issue of material fact to avoid the statute of limitations. *Rodriguez v. Cemex, Inc.*, 579 S.W.3d 152, 160 (Tex.App.--El Paso 2019, no pet.). If a plaintiff fails to raise a genuine issue of material fact as to the affirmative defense, the trial court must grant the summary-judgment motion. *Stierwalt v. FFE Transp. Servs., Inc.*, 499 S.W.3d 181, 194 (Tex.App.--El Paso 2016, no pet.).

"A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues."

7

TEX.CIV.PRAC.& REM.CODE ANN. § 16.035(a). "If a series of notes or obligations or a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." *Id.* § 16.035(e).[2]

If a note contains an acceleration clause, default is not the triggering event that starts the limitations running on the note; "[r]ather, the action accrues only when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). Effective acceleration requires two acts: (1) notice of intent to accelerate; and (2) notice of acceleration. *Id.* "Both notices must be 'clear and unequivocal.'" *Id.*, *quoting Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991). The notice must allow the borrower to cure the default and apprise him or her that failure to cure will result in acceleration of the note and foreclosure under the power of sale. *Karam v. Brown*, 407 S.W.3d 464, 469 (Tex.App. - - El Paso 2013, no pet.). Although a lender usually gives notice of acceleration by expressly declaring the entire debt due, a lender may give notice of acceleration by taking some other unequivocal action showing the debt is accelerated. *Id.* at 470.

### 2. Analysis

Here, the note contained an acceleration clause that provided for the option of acceleration upon a default by Joseph Sr. The Estate argues that the four-year statute of limitations began to run in January 1996 because William admitted in his pleadings and supporting evidence that by 1996 the note had matured or was in default. Specifically, the Estate contends that the table

---

[2] William argues that because he sued to collect a debt, the statute of limitations to file his claims is six years under TEX.BUS.& COMM.CODE ANN. § 3.118. Assuming that this is the case, and assuming a 1996 accrual date, the statute of limitations would have expired in 2002. But as the Estate points out, whether the statute of limitations is four or six years is beside the point because William filed his lawsuit in 2013, long after the statute of limitations expired. As such, we need not decide the length of the applicable the statute of limitations to file these claims.

attached to William's summary judgment motion showed a balance due of $50,629.00 on January 1996, which constitutes William's judicial admission that the note was past due at that time.[3]

William contends that under the amortization table and the terms of the note, the final payment on the note was not due until December 16, 2009, the date that the fifteen-year note would have matured. He also argues that the amortization table was not a judicial admission that the note was accelerated in 1996, but that the table "was proffered as an indication that the amount he had lost in the transaction underlying this lawsuit was greater than the value of what was owed him under the note." William also contends that the table did not constitute a judicial admission because it was not "deliberate, clear, and unequivocal."

> There are five elements for a judicial admission:
>
> (1) a statement made during the course of a judicial proceeding; (2) that is contrary to an essential fact or defense asserted by the person making the admission; (3) that is deliberate, clear, and unequivocal; (4) that, if given conclusive effect, would be consistent with public policy; and (5) that is not destructive of the opposing party's theory of recovery.

*Tex. Tax Sols. v. City of El Paso*, 593 S.W.3d 903, 910 (Tex.App.--El Paso 2019, no pet.), *quoting In re Dillard Dep't Stores, Inc.*, 181 S.W.3d 370, 376 (Tex.App.--El Paso 2005, orig. proceeding).

Through his amortization table, William claimed that he was owed $1,175,323.65, based on: (1) the $50,629.00 remaining balance on the note as of January 1996; and (2) over a million dollars in interest at 18%, compounded annually, as of 2013. Although no formal notice of William's acceleration appears in the record, this is a mathematically clear and unequivocal action on William's part that he exercised his option to accelerate the note in January 1996. *See Karam*,

---

[3] Alternately, the Estate suggests that because of earlier credits made against the balance, the balance could have come due in October 1996. We need not resolve that question because whether the note matured on January 16, 1996, as William asserted in his amortization table, or October 16, 1996, when the final payment was due, the statute would have expired long before the suit was eventually filed in 2013.

407 S.W.3d at 470 (without formal notice of acceleration, a lender may give notice of acceleration by taking some other unequivocal action showing the debt is accelerated).

We are persuaded not just by the affidavit, but the fact that William moved for summary judgment in his own favor and used the affidavit to support a judgment for $1,511,701.28, which by necessity would have been based on the default 18% interest rate. His motion for summary judgment stated:

> "Plaintiff moves for summary judgment against the Estate of Decedent in the sum of $1,511,701.28, which is the amount due on the note as of June 2015. (Ex 5).

> WHEREFORE, premises considered, Plaintiff would move for summary judgment against the Estate in the sum of $1,511,701.28."

And William explained the referenced Exhibit 5 as "calculations I made in 2013 to reflect the sum of money which I felt I could demand from my grandfather's estate because the note was never paid." Yet William could have never demanded that money from the Estate or moved for summary judgment for that amount in good faith unless the note had been accelerated in 1996 and subject to the default interest rate.

Thus, because the Estate conclusively proved through William's judicial admission that the note was accelerated in 1996, the cause of action accrued at that time and the statute of limitations expired four years later in 2000. Because William did not sue until 2013, we hold that his lawsuit is barred by the statute of limitations. *See* TEX.CIV.PRAC.& REM.CODE ANN. § 16.035(a); *Wolf*, 44 S.W.3d at 566 (the cause of action accrues when the lender exercises his option to accelerate). And because the tolling of the statute of limitations through the discovery rule is inapplicable here, we need not consider William's claim that the trial court erred by granting summary judgment on this basis.

William's Issues Two and Four overruled.

10

### C. Waiver

The Estate alternately moved for summary judgment because William waived his claim by failing to timely file suit. But having found that the trial court did not err by impliedly granting summary judgment based on the Estate's statute of limitations defense, we need not decide the issue of whether the trial court erred by granting summary judgment based on waiver.

William's Issue Five is overruled.

### D. Relief Granted

Finally, William argues that the trial court erred by entering an order that went beyond the scope of the Estate's motion because the motion did not address William's suit to enforce the promissory note.

The purpose of a summary judgment is to provide a "method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact." *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 296-97 (Tex. 2011) (per curiam). A trial court may only grant summary judgment on claims that are addressed in the summary judgment motion. *Id.* at 297, *citing* TEX.R.CIV.P. 166a(c). Although a trial court errs by granting summary judgment on a cause of action not expressly presented by written motion, "the error is harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case." *Id.* at 297-98 (citations omitted); *see* TEX.R.APP.P. 44.1(a). Thus, a reviewing court "should treat such a summary judgment as any other final judgment, considering all matters raised and reversing only those portions of the judgment based on harmful error." *Magee*, 347 S.W.3d at 298.

11

Here, although bulk of the Estate's summary judgment motion focused on William's foreclosure claim, the motion stated that William's "suit for breach of promissory note and judicial foreclosure [are] time-barred." And in its prayer for relief, the Estate requested the trial court:

> [To] grant the . . . . judgment against William . . . . for all claims he asserts against the Estate, enter a judgment that William… take nothing by his suit, including a judgment that [William] has no lien or claim against real property made the subject matter of this lawsuit, and that the Court grant the . . . . Estate such other and further relief, general and special, legal and equitable, to which it may be justly entitled.

In its judgment, the trial court found that the Estate was "entitled to summary judgment as to all of the allegations made against it by [William]," and it ordered that William "take nothing against the [Estate], and that the [Estate] be in all things discharged." The judgment further stated, "This is a final and appealable judgment against [William] on all of his claims against [the Estate]." William did not object to the trial court's judgment.

Assuming, without deciding, that the Estate's summary judgment motion did not adequately address William's suit to enforce the promissory note and the trial court's order went beyond the scope of the Estate's motion, any error was harmless. As addressed above, because William filed his lawsuit in 2013, both his suit to enforce the promissory note and suit for judicial foreclosure were precluded by the statute of limitations.[4] *See Magee*, 347 S.W.3d at 298; *RayMax Mgmt., L.P. v. Am. Tower Corp.*, No. 02-15-00298-CV, 2016 WL 4248041, at *6-7 (Tex.App.-- Fort Worth Aug. 11, 2016, pet. denied) (mem. op.) (holding that any error by the trial court in granting summary judgment on an unjust-enrichment claim not addressed in the defendant's summary judgment motion was harmless because the defendant sufficiently raised the

---

[4] Again, the question of whether the statute of limitations on William's suit to enforce the promissory note was four or six years makes no difference because, at the latest, the statute of limitations ran in 2002 and William did not file suit until 2013.

statute of limitations defense against plaintiff's trespass claim, and the statute of limitations barred both claims).

William's Issue Three is overruled.

## IV.  CONCLUSION

The trial court's judgment is affirmed.

JEFF ALLEY, Justice

December 20, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.